[NOT YET SCHEDULED FOR ORAL ARGUMENT]

**NO. 23-2318**

**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

---

SKYVIEW CABINET USA, INC.,

Plaintiff - Appellant

v.

UNITED STATES, MASTERBRAND CABINETS, INC.,

Defendant - Appellee

---

BRIEF OF APPELLANT

APPEALS FROM THE UNITED STATES COURT OF INTERNATIONAL
TRADE IN NO. 1:22-cv-00080-SAV, JUDGE STEPHEN ALEXANDER
VADEN

<div style="margin-left:40%">

Kyl J. Kirby
Kyl J. Kirby, Attorney and
Counselor at Law, P.C.
1400 Lipscomb Street
Fort Worth, Texas 76104
(214) 632-0841

*Counsel for Plaintiff-Appellant*

Ioana C. Meyer, TRAT
Email: ioana.c.meyer@usdoj.gov

</div>

United States Department of Justice
Commercial Litigation Branch, Civil
Division
PO Box 480
Ben Franklin Station
Washington, DC 20044

*Attorney for Defendant-Appellee*
UNITED STATES

Timothy C. Brightbill, -
Direct: 202-719-3138
Email: tbrightbill@wiley.law
Wiley Rein, LLP
2050 M Street NW
Washington, DC 20036

Theodore Paul Brackemyre, -
Direct: 202-719-7289
Email: tbrackemyre@wiley.law
Wiley Rein, LLP
2050 M Street NW
Washington, DC 20036

Paul J. Coyle, -
Direct: 202-719-3446
Email: pcoyle@wiley.law
Wiley Rein, LLP
2050 M Street NW
Washington, DC 20036

Paul A. Devamithran, -
Direct: 202-719-3451
Email: pdevamithran@wiley.law
Wiley Rein, LLP
2050 M Street NW
Washington, DC 20036

Laura El-Sabaawi, Esq.

Direct: 202-719-7042
Email: lel-sabaawi@wiley.law
Wiley Rein, LLP
2050 M Street NW
Washington, DC 20036

Elizabeth S. Lee, Esq., -
Direct: 202-719-3569
Email: elee@wiley.law
Wiley Rein, LLP
2050 M Street NW
Washington, DC 20036

*Attorneys for Defendant-Appellee*
MASTERBRAND CABINETS, INC.

FORM 9. Certificate of Interest

Form 9 (p. 1)
March 2023

# UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

### CERTIFICATE OF INTEREST

**Case Number**   23-2318

**Short Case Caption**   Skyview Cabinet USA, Inc. v. US

**Filing Party/Entity**   Skyview Cabinet USA, Inc.

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 10/23/2023

Signature:   /s/ Kyl J. Kirby

Name:   Kyl J. Kirby

i.

FORM 9. Certificate of Interest

Form 9 (p. 2)
March 2023

| 1. **Represented Entities.** Fed. Cir. R. 47.4(a)(1). | 2. **Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | 3. **Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Skyview Cabinet USA, Inc. | N/A | N/A |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

☐  Additional pages attached

FORM 9. Certificate of Interest

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑    None/Not Applicable            ☐    Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐   Yes (file separate notice; see below)   ☑   No   ☐   N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑    None/Not Applicable            ☐    Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

# **TABLE OF CONTENTS**

CERTIFICATE OF INTEREST ........................................................................ i

TABLE OF CONTENTS ............................................................................... iv

TABLE OF AUTHORITIES ............................................................................ v

STATEMENT OF RELATED CASES ............................................................. 1

JURISDICTIONAL STATEMENT ................................................................. 1

STATEMENT OF THE ISSUES ..................................................................... 1

STATEMENT OF THE CASE ......................................................................... 2

A.    The Allegation and Initial Investigation ..................................... 2

B.    Formal Investigation ..................................................................... 4

C.    Initial Agency Determination as to Evasion .............................. 8

D.    Administrative Determination on Appeal ................................... 9

SUMMARY OF PLAINTIFF-APPELLANT' ARGUMENTS ........................... 9

ARGUMENTS ............................................................................................. 10

I.    CBP's findings of evasion against Skyview are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, because CBP failed to establish, by substantial evidence, that Skyview's subject entry was covered merchandise at the time made, as required under 19 U.S.C. § 1517(c)(1)(a) ............................................................. 13

II.    CBP's findings of evasion against Skyview are unlawful because CBP did not follow all EAPA procedures when it applied adverse inferences against Rowenda and because CBP's findings of evasion against Skyview are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law..................................................................... 28

III.    CBP's findings of evasion against Skyview are unlawful because CBP erroneously shifted the burden of proof to Skyview ......................... 34

IV.    CBP's findings of evasion against Skyview are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law because CBP failed to notify Skyview of detracting evidence and because CBP failed to consider detracting evidence and because CBP did not release business confidential information ................................................. 39

V.    CBP's findings of evasion against Skyview are unlawful because CBP did not follow all EAPA procedures and findings are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law because CBP unlawfully relied on disallowed hearsay in its substantial evidence determination ................................................. 44

CONCLUSION ........................................................................................... 47

ADDENDUM

CERTIFICATE OF COMPLIANCE
CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Cases**                                                    **Page(s)**

*Allied Tube & Conduit Corp. v. United States*, 132 F. Supp. 2d 1087 (Ct. Int'l Trade 2001) ………..……………………………………………………….….. 37

*Altx, Inc. v. United States*, 370 F.3d 1108 (Fed. Cir. 2004) …………………… 15

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) …………...…………… 12

*BMW of North America LLC v. United States*, 926 F.3d 1291 (Fed. Cir. 2019) ………………….……………………………………………..……... 11-12

*Baroque Timber Industries (Zhongshan) Co., Ltd. v. United States*, 925 F.Supp.2d 1332 (CIT. 2013) ........................................................................ 32, 35

*Bowman Transp., Inc. v. Arkansas–Best Freight System, Inc.*, 419 U.S. 281 (1974) ........................................................................................ 44

*Burlington Truck Lines v. United States*, 371 U.S. 156 (1962) ………..……… 16

*Calhoun v. Bailar*, 626 F.2d 145 (9th Cir.1980) …………………………….... 45

*Calhoun v. Bailar*, 452 U.S. 906 (1981) ….…………………………..…… 46

*Chaparral Steel Co. v. United States*, 901 F.2d 1097 (Fed. Cir.1990) ……..…. 12

*Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197 (1938) …………..……… 15-16

*Consol. Fibers, Inc. v. United States*, 535 F. Supp. 2d 1345 (2008) .................. 37

*Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607 (1966) …………..…………… 16

*CS Wind Vietnam Co. v. United States*, 832 F.3d 1367 (Fed. Cir. 2016) ……… 15

*Dey, L.P. v. Sunovion Pharm., Inc*., 715 F.3d 1351 (Fed. Cir. 2013) ….……… 12

*Dickinson v. Zurko*, 527 U.S. 150 (1999) ……………..…………………...……... 12

*Doty v. United States*, 53 F.3d 1244 (Fed. Cir. 1995) …………………….…… 39

*Downhole Pipe & Equip., L.P. v. United States*, 776 F.3d 1369 (Fed. Cir. 2015) …..……………………………………………………………...…… 37

*First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253 (1968) ………...….. 12

*Fujitsu Gen. Ltd. v. United States*, 88 F.3d 1034 (Fed. Cir. 1996) …………….. 37

*Gerritsen v. Shirai*, 979 F.2d 1524 (Fed. Cir. 1992) ………............................ 38

*Greene v. McElroy*, 360 U.S. 474 (1959) …………...…………..…………….…… 39

*Hartford Fire Ins. Co. v. United States*, 918 F. Supp. 2d 1376 (Ct. Int'l Trade 2013) ……………………………………………………………………… 38

*Hayes v. Dep't of Navy*, 727 F.2d 1535 (Fed. Cir. 1984) ………………..….. 46

*In re Gartside*, 203 F.3d 1305 (Fed. Cir. 2000) ................................... 37

*Int'l Trading Co. v. United States*, 412 F.3d 1303 (Fed. Cir. 2005) ………….. 12

*Johnson v. United States*, 628 F.2d 187 (D.C.Cir.1980) …..………………… 45

*Kahrs Int'l v. United States*, 713 F.3d 640 (Fed. Cir. 2013) ………...……….. 12

*King v. Burwell*, 576 U.S. 473, 498 (2016) ………………...………………. 12

*Maverick Tube Corp. v. United States*, 857 F.3d 1353 (Fed. Cir. 2017) ………. 15

*Motor Vehicle Mfrs. Ass'n. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29 (1983) .................................................................................................... 37

*Nippon Steel Corp. v. United States*, 337 F.3d 1373 (Fed. Cir. 2003) ............... 32

*Nippon Steel Corp. v. United States*, 458 F.3d 1345 (Fed. Cir. 2006) ….....… 15-16

*NSK Corp. v. U.S. Intern. Trade Com'n*, 542 F. App'x 950 (Fed. Cir. 2013) .... 12

*NTN Bearing Corp. v. United States*, 74 F.3d 1204 (Fed. Cir. 1995) …....…..… 12

*Parkdale Intern. v. United States*, 475 F.3d 1375 (Fed. Cir. 2007) .............. 32, 35

*Primary Steel, Inc. v. United States*, 834 F. Supp. 1374 (Ct. Int'l Trade 1993) …......................................................................……… 37

*PSC VSMPO-Avisma Corp. v. United States*, 688 F.3d 751 (Fed. Cir. 2012) ..… 43

*Ramirez v. Dep't of Homeland Sec.*, 975 F.3d 1342 (Fed. Cir. 2020) …….... 39-40

*Rhone Poulenc, Inc. v. United States*, 899 F.2d 1185 (Fed. Cir. 1990) ......... 32, 35

*Richardson v. Perales*, 402 U.S. 389 (1971) …………………...…………… 46

*Robbins v. U.S. R.R. Ret. Bd.*, 594 F.2d 448 (5th Cir. 1979) ………………… 39

*Royal Brush Manufacturing, Inc. v. United States*, 483 F.Supp.3d 1294 (Ct. Int'l Trade 2020) …………………………………………………...… 17, 32, 35

*Royal Brush Mfg., Inc. v. United States*, 545 F.Supp.3d 1357 (Ct. Int'l Trade 2021) …………………………………………………….......... 17, 37

*Royal Brush Mfg. v. United States*, 2022-1226 (Fed. Cir. Jul 27, 2023) ………. 40

*Schaefer v. United States*, 633 F.2d 945 (1980) ……………………………. 46

*Shanxi Hairui Trade Co. v. United States*, 503 F.Supp.3d 1307 (Ct. Int'l Trade 2021) …………………………………………………………… 16

*Shandong Dongfang Bayley Wood Co. v. United States*, 375 F. Supp. 3d 1339 (Ct. Int'l Trade 2019) .......................................................... 37

*SKF USA, Inc. v. United States*, 537 F.3d 1373 (Fed. Cir. 2008) ………..…… 16

*Sterling Fed. Sys., Inc. v. Goldin*, 16 F.3d 1177 (Fed. Cir. 1994) ...................... 38

*Stone v. F.D.I.C.*, 179 F.3d 1368 (Fed. Cir. 1999) …………………………..… 40

*Suramerica de Aleaciones Laminadas, C.A. v. United States*, 44 F.3d 978 (Fed. Cir. 1994) ……………………………………………………………….. 15

*Tennessee Secondary School Athletic Ass'n v. Brentwood Academy,* 551 U.S. 291 (2007) ……………………………………………………………….. 40

*Universal Camera Corp. v. NLRB*, 340 U.S. 474 (1951) …………..……… 14

*Veg-Mix, Inc. v. U.S. Dep't of Agriculture*, 832 F.2d 601 (D.C.Cir.1987) .... 45

*Vt. Yankee Nuclear PowerCorp. v. Natural Res. Def. Council, Inc.*, 435 U.S. 519, (1978) …………………………………………………..……………...… 35

*Z.A. Sea Foods Private Ltd. v. United States*, 569 F.Supp.3d 1338 (Ct. Int'l Trade 2022) …………………………………………………………..… 16

**Statutes**

5 U.S.C. § 556(d) …………………………………………………….. 45

5 U.S.C. § 556(c)(3) ……………………………………………………. 45

5 U.S.C. § 706 ………………………..……..……………………... 24, 34, 43, 47

19 U.S.C. § 1517 ……………………………………………………..… 2

19 U.S.C. § 1517(a)(3) ……………………………………..……………… 14

19 U.S.C. § 1517(a)(5)(A) .................................................................. 14

19 U.S.C. § 1517(c) .......................................................... 18, 29, 32-33, 37

19 U.S.C. § 1517(c)(1)(A) ........................ 1, 13-14, 17, 19, 24, 34-35, 37, 43, 47

19 U.S.C. § 1517(c)(2) ............................................................. 17, 34

19 U.S.C. § 1517(c)(2)(B) ............................................................ 34, 47

ix

19 U.S.C. § 1517(c)(3) ........................................................................ 29

19 U.S.C. § 1517(c)(2)(B) .............................................................. 34, 47

19 U.S.C. § 1517(c)(3)(A) ............................................................. 29-30

19 U.S.C. § 1517(c)(3)(B) ............................................................ 29, 33

19 U.S.C. § 1517(f) …………………………………………………… 32

19 U.S.C. § 1517(f)(1) …………………………………………….... 10

19 U.S.C. § 1517(g) ............................................................................. 1

19 U.S.C. § 1517(g)(2)(A) ........................................................ 34, 36, 47

19 U.S.C. § 1517(g)(2)(B) ........................................ 11, 24, 34, 43, 47

19 U.S.C. § 1677e(b) …………………………………..…….. 30

19 U.S.C. § 1677e(b)(1)(A) ……………………………………. 30

28 U.S.C. § 1581(c) …………………………………………………... 1

## Regulations

19 C.F.R. § 165.5(b) ………………………………………………... 36-37

19 C.F.R. § 165.6(c) …………………………………...…………… 29, 33

19 C.F.R. § 165.23 …………………………..…………………… 7, 34

19 C.F.R. § 165.25 …………………………………………..… 34

19 C.F.R. § 165.26(a) ……………………………………...…………..... 9

19 C.F.R. § 165.26(b) ……………………………………...…………..... 9

19 C.F.R. §165.27 …………………………………………………...……. 34

19 C.F.R. § 165.41(a) …………………………………………………….. 10

**Other**

3 Charles H. Koch, Jr., *Administrative Law and Practice* § 9.24[1] (3d ed. 2021) ………………………………………………………………….. 16

3 K. Davis, *Administrative Law Treatise* § 16.1-1 (Supp.1989) …………... 45

8A *West's Fed. Forms*, National Courts § 3.6 (5th ed. 2020) …………………. 16

## STATEMENT OF RELATED CASES

This case has not previously been before this Court or any court other than the U.S. Court of International Trade ("CIT") below. There is no case known to counsel to be pending in this or any other court that will directly affect or be directly affected by this Court's decision in the pending appeal.

## JURISDICTIONAL STATEMENT

The CIT had jurisdiction pursuant to 19 U.S.C. § 1517(g) and 28 U.S.C. § 1581(c). On June 20, 2023, the CIT issued a final judgment that sustained a determination by U.S. Customs and Border Protection ("Customs" or "CBP") that Plaintiff-Appellant Skyview Cabinet, Inc. ("Skyview" or "Plaintiff-Appellant") entered certain wooden cabinets, vanities, and components ("WCV") imported by Skyview had entered through evasion of an antidumping duty order. Appx3087-3088. *See also* the CIT opinion. Appx3089-3123. Skyview filed a timely notice of appeal on August 18, 2023.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

The issues of law are (1) Whether CBP's findings of evasion against Skyview are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, because CBP failed to establish, by "substantial evidence," that Skyview's subject entry was covered merchandise at the time made, as required under 19 U.S.C. § 1517(c)(1)(a) (2) Whether CBP's findings of evasion

1

against Skyview are unlawful because CBP did not follow all EAPA procedures when it applied adverse inferences against Rowenda and because CBP's findings of evasion against Skyview are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law (3) Whether CBP's findings of evasion against Skyview unlawful because CBP erroneously shifted the burden of proof to Skyview (4) Whether CBP's findings of evasion against Skyview are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law because CBP failed to notify Skyview of detracting evidence and because CBP failed to consider detracting evidence and because CBP did not release business confidential information (5) Whether CBP's findings of evasion against Skyview are unlawful because CBP did not follow all EAPA procedures and findings are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law because CBP unlawfully relied on disallowed hearsay in its substantial evidence determination.

## STATEMENT OF THE CASE

This case involves a proceeding under the Enforce and Protect Act of 2015, 19 U.S.C. § 1517 ("EAPA"), in which CBP concluded that Skyview had evaded antidumping duties in importing certain WCV from Rowenda Kitchen Sdn. ("Rowenda"), exported from the People's Republic of China ("China"). Skyview is a small business that imported WCW as part of their business dealings.

2

Accordingly, the relevant facts to the case herein involve Skyview's challenge to CBP's decisions that a certain entry of WCW was imported by evasion, as further detailed below.

## A. The Allegation and Initial Investigation

On March 25, 2020, the Subject Entry was entered by Skyview. Appx80517-80518.

On April 21, 2020, the U.S. Department of Commerce ("Commerce") issued an AD duty order and a CVD duty order on WCV from the People's Republic of China ("China"). *Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China: Antidumping Duty Order*, 85 Fed. Reg. 22,126 (Apr. 21, 2020) and *Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China: Countervailing Duty Order*, 85 Fed. Reg. 22,134 (Apr. 21, 2020) (hereinafter "Orders").

On October 13, 2020, the alleger and Defendant - Appellee, MasterBrand Cabinets, Inc. ("MasterBrand") filed an EAPA allegation of evasion with TRLED against Skyview. *See Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China: Request for an Investigation under the Enforce and Protect Act* ("Allegation"). Appx1154-1237. On October 21, 2020, Masterbrand supplemented its Allegation, Appx1341-1342. On October 30, 2020, Masterbrand submitted a completely redacted

Skyview DCNTAG post-receipt data report, Appx1370. *See Notice of initiation of an investigation and interim measures taken as to Skyview concerning evasion of the Orders* (Feb. 19, 20121) Appx1902-1908 (hereinafter, "Notice of Initiation and Interim Measures") (available at:

https://www.cbp.gov/sites/default/files/assets/documents/2021-Feb/02-19-2021%20-%20TRLED%20-%20NOI%20and%20Interim%20Measures%20%28508%20compliant%29%20-%20%28Cons%20Case%207553%29%20-%20PV.pdf, last accessed July 18, 2022). Skyview was never provided with a copy of the unredacted version. CBP acknowledged receipt of Masterbrand's "properly filed" Allegation on October 22, 2020.

## B. Formal Investigation

On November 13, 2020, CBP initiated an investigation against Skyview pursuant to the EAPA based on allegations by MasterBrand, EAPA Case No. 7553. Masterbrand alleged that Skyview entered WCV of Chinese origin, into the United States, by transshipment through Malaysia, via manufacturer Rowenda Kitchen Sdn. ("Rowenda"), to evade the payment of antidumping and countervailing duties on WCV from the China, as required in Case Nos. A-570-106 and C-570-107. Skyview was never provided with a copy of the unredacted version. At this time, Skyview was not aware that an investigation had been

initiated against it. *See Memorandum to the File, initiation of Investigation for EAPA Case Number 7558 – Skyview Cabinet USA Inc* (Nov. 13, 2020). Appx1423-1426.

On November 24, 2020, Skview received a CF-28 Request for Information from CBP regarding the Subject Entry (hereinafter, "November Request"), wherein CBP requested further documents and information related to such entry. Appx80451-80454. In order to properly respond to CBP's *November Request*, Skyview contacted the supplier of the Subject Merchandise, Rowenda Kitchen Sdn. ("Rowneda"), requesting it to provide the information needed.

On December 18, 2020, January 28, 2021, and February 9, 2021, Skyview responded to CBP with documentation concerning the *November Request* as related to a country of origin analysis:

1. On December 18, 2020, Subject Entry entry package with Malaysia certificate of origin showing and wire to Rowenda, Appx80517-80527

2. On January 28, 2021, Rowenda ownership (incorporated 2009) and manufacturer location (16, Jalan KPK 1/1, Kawasan Perindustrian Kundang, Kundang Jaya, 48020 Rawang, Selangor Darul Ehsan, Malaysia), Appx80670, Appx80673

3. On February 8, 2021, Rowenda material suppliers (plywood, hardware, carton) on February 8, 2021, Appx80693

5

4.      On February 9, 2021, production facility pictures, Appx80695, Appx80697, Appx80699, Appx80713, Appx80715, Appx80738

5.      On February 9, 2021, outside facility pictures, Appx80721, Appx80750, Appx80760, Appx80762

6.      On February 9, 2021, administration facility pictures, Appx80705, Appx80707

7.      On February 9, 2021, production machinery pictures, Appx80701, Appx80703, Appx80709, Appx80711, Appx80740, Appx80748, Appx80754-80758

8.      On February 9, 2021, employee records for production weeks before February 12, 2020 export date, Appx80723-80736, Appx80752

9.      On February 9, 2021, business license, Appx80742

10.     On February 9, 2021, production process flow, Appx80744-80746

11.     On February 9, 2021, supplier invoices, Appx80764, Appx80766, Appx80768

        (A)     November 20, 2019 invoice to Rowenda from Besgrade Plywood Sdn Bhd for 4,450,316,000 mm$^2$

12.     On February 9, 2021, sales catalog and company profile demonstrating company history from 1984 (started operations well before ADD/CVD case), organization chart, and photographs of production lines, Appx1807-

1838, Appx1840-1852

On February 19, 2021, CBP formally notified Skyview of the EAPA

Investigation and imposed interim measures against it. *See Notice of Initiation of*

*Investigation and Interim Measures: Consolidated EAPA Case 7553* (Feb. 19,

2021) (hereinafter, "Notice of Investigation"). Appx80788-80794. CBP's *Notice*

*of Initiation* further defined the scope of the EAPA Investigation as beginning on

October 22, 2019, throughout the pendency of the Investigation. As a result, one

Skyview entry was subject to the EAPA Investigation and was thus covered by

CBP's EAPA Determinations.

On March 15, 2021, pursuant to 19 C.F.R. § 165.23(a), despite the volume

of documentation already submitted, CBP sent Skyview its typical EAPA kitchen

sink request for information (hereinafter "March RFI"). Appx2093, Appx80939-

80955. On April 8, 2021, Skyview replied timely (after extension requests) to the

*March RFI* with documentation as related to a country of origin analysis:

- Rowenda material suppliers (plywood, hardware, carton), Appx81003

- Rowenda ownership (incorporated 2009), Appx81004

- Sales contract at, Appx81015-81016

- Subject Entry package with certificate of origin, Appx81076-81083

- Item listing by purchase order, Appx81084-81089

7

On April 23, 2021, Skyview provided the following documentation in response to CBP's supplemental EAPA request for information (Appx81094-81100) as related to a country of origin analysis:

- Skyview flight itineraries to support Skyview representative visits to Rowenda, Appx81408-81413

- Skyview purchase order

On June 7, 2021, Skyview submitted additional voluntary information to the administrative record pursuant to 19 C.F.R. § 165.23 (hereinafter, "Voluntary Submission"). Appx2504-2530. Among the Rowenda documents (except Appx2719-2730) that Skyview presented were:

- Rowenda bill of material, Rowenda production schedules, and Rowenda purchase requisition, Appx2532-2554

- Rowenda list of items and quantities by purchase order, Appx2556

- Rowenda production schedule and loading plan, Appx2558

- Rowenda raw material stock control, Appx2560-2561

- Contract between Rowenda and Roxy Heritage Furniture Manufacturer Sdn. Bhd. ("Roxy"), Appx2563-2565

- Roxy stock control, Appx2567-2570

- Roxy weekly production schedules, Appx2572-2577

8

- Roxy weekly production schedules, Appx2579-2582

- Rowenda supplier invoices, Appx2584-2628

- Roxy supplier invoices, Appx2630-2664

- Rowenda supply chain documents, Appx2666-2713

- Rowenda supply chain documents, Appx2715

- Rowenda supply chain documents, Appx2717

- Public information provided by Skyview, Appx2719-2730

- Miscellaneous Roxy documents, Appx2732-2792

On June 24, 2021, Masterbrand submitted comments on the *Voluntary Submission* filed by Skyview.

On July 1, 2021, Skyview submitted its written argument, pursuant to 19 C.F.R. § 165.26(a), in response to Masterbrand's EAPA Allegation, and to CBP's February 19, 2021 Notice of Initiation (hereinafter, "Skyview's Written Argument"). Appx2878-2905. Masterbrand also submitted its written argument on July 1, 2021.

On July 15, 2021, Skyview submitted a response to Masterbrand's July 1, 2021 written argument (hereinafter, "Skyview's Response"), pursuant to 19 C.F.R. § 165.26(b) Appx2907-2934; on the same day, Masterbrand also filed

9

its response to the written arguments submitted by the parties to this EAPA

Investigation, including to *Skyview's Written Argument*.

## C. Initial Agency Determination as to Evasion

On September 16, 2021, CBP issued its *Final Determination* as to

evasion, finding that there was "substantial evidence" that Skyview "entered into

the customs territory of the United States through evasion" merchandise covered

by the Orders. *See* Notice of Final Determination as to Evasion in EAPA

Consolidated Case Number 7553 (Sep. 16, 2021) (available at

https://www.cbp.gov/document/publications/eapa-cons-case-7553-various-

importers-notice-determination-evasion-september, last visited July 18, 2022).

Appx81612-81626.

## D. Administrative Determination on Appeal

On October 28, 2021, Skyview timely filed a request for *de novo*

administrative review of the Final Determination, pursuant to 19 U.S.C. §

1517(f)(1) and 19 C.F.R. § 165.41(a) (hereinafter, "Skyview's Request for

Review"). Appx2992, Appx2994-3023. On November 16, 2021, Masterbrand

filed its response to the request for administrative review in HQ Case No.

H321677 (EAPA Cons. Case No. 7553). On January 28, 2022, the OR&R

affirmed CBP's *Final Determination* with its *Review Determination*. *See Admin.*

*Review Determination in EAPA Consolidated Case Number 7553* (Jan. 28, 2022). Appx3071-3086.

## SUMMARY OF PLAINTIFF-APPELLANT'S ARGUMENTS

CBP's determinations that Skyview "evaded" the Orders cannot be sustained because CBP committed fatal legal and factual errors with respect to elements required to make an affirmative determination of "evasion". Specifically, CBP's determination that Skyview entered covered merchandise through evasion was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law and CBP's determination of substantial evidence that supports evasion was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law.

## ARGUMENTS

**A. Standard of Review.**

When reviewing Customs' anti-dumping determinations, this Court applies anew the standard of review applied by the CIT in its review of the administrative record. *See BMW of North America LLC v. United States*, 926 F.3d 1291, 1300 (Fed. Cir. 2019). Thus, it examines "whether any determination, finding, or conclusion is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 19 U.S.C. § 1517(g)(2)(B). "A reviewing court reviews an agency's reasoning to determine whether it is 'arbitrary' or 'capricious,' or, if

bound up with a record-based factual conclusion, to determine whether it is supported by 'substantial evidence.'" *Dickinson v. Zurko*, 527 U.S. 150, 164 (1999).

This Court conducts a *de novo* review of this issue. *See NSK Corp. v. U.S. Intern. Trade Com'n*, 542 F. App'x 950 (Fed. Cir. 2013). This Court reviews *de novo* all questions of law. *BMW of North America, supra*. The U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") "review[s] *de novo* a grant of summary judgment by the Court of International Trade." *Kahrs Int'l v. United States*, 713 F.3d 640, 643-44 (Fed. Cir. 2013). "We review the Court of International Trade's grant of summary judgment for correctness as a matter of law, deciding *de novo* (i) the proper interpretation of the governing statute and regulations; and (ii) whether genuine issues of material fact exist." *Int'l Trading Co. v. United States*, 412 F.3d 1303, 1307 (Fed. Cir. 2005). Further, this "[C]ourt [also] has the authority, on appeal from a summary judgment in favor of the appellee, to direct the entry of judgment in favor of the appellant ... when the appeal involves issues of law or when such a ruling would clearly entail no unfairness to the appellee." *See Dey, L.P. v. Sunovion Pharm., Inc.*, 715 F.3d 1351, 1360 (Fed. Cir. 2013).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." USCIT R. 56(a). There can be a genuine dispute over a material

fact only if a rational fact finder could resolve the factual issue in favor of either

party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). In that

respect, the party opposing summary judgment must do more than "rest upon the

mere allegations or denials of his pleading." *Id.* at 248 (quoting *First Nat'l Bank*

*of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968).

Ascertaining the context of the law includes fidelity to the purpose of the

law. *See King v. Burwell*, 576 U.S. 473, 498 (2016) ("Congress passed the

Affordable Care Act to improve health insurance markets, not to destroy them. If

at all possible, we must interpret the Act in a way that is consistent with the

former, and avoids the latter."). In that respect, as it is applicable here, it is well-

established that the trade "laws are remedial not punitive." *NTN Bearing Corp. v.*

*United States*, 74 F.3d 1204, 1208 (Fed. Cir. 1995) (citing *Chaparral Steel Co. v.*

*United States*, 901 F.2d 1097, 1103–04 (Fed. Cir.1990)).

**B. CBP's determination that Skyview entered covered merchandise through evasion was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law.**

**I.    CBP's Findings Of Evasion Against Skyview Are Arbitrary, Capricious, An Abuse Of Discretion, And Otherwise Not In Accordance With Law, Because CBP Failed To Establish, By Substantial Evidence, That Skyview's Subject Entry Was Covered Merchandise At The Time Made, As Required Under 19 U.S.C. § 1517(c)(1)(A)**

13

Under EAPA, CBP investigates and determines "whether . . . ***covered merchandise*** was entered into the customs territory of the United States through ***evasion***." 19 U.S.C. § 1517(c)(1)(A) (emphasis added). Evasion is defined as "the entry of ***covered merchandise*** into the customs territory of the United States for consumption by means of any document or electronically transmitted data or information, written or oral statement, or act that is material and false, or any omission that is material and that results in any cash deposit or other security of any amount of applicable antidumping or countervailing duties being reduced or not being applied with respect to the merchandise." 19 U.S.C. § 1517(a)(5)(A) (emphasis added). Covered merchandise means merchandise that is subject to an antidumping and/or countervailing duty order. 19 U.S.C. § 1517(a)(3). Further, CBP's determination whether covered merchandise entered the United States through evasion must be "based on ***substantial evidence***." *Id*. § 1517(c)(1)(A) (emphasis added). Thus, as recognized by CBP itself, EAPA outlines three elements for the agency to address in order to reach an affirmative determination: (1) whether the entries in question are covered merchandise (as discussed above) when they entered into the customs territory of the United States; (2) whether such entries were made by a material false statement or act or material omission; and (3) whether there was a resulting reduction or avoidance of applicable AD/CVD cash deposits or other security. *See Notice of Final Determination as to*

14

*Evasion*, issued in EAPA Cons. Case No.: 7257 (Oct. 9, 2019) (available at:

https://www.cbp.gov/document/guidance/eapa-investigation-cons-case-number-

7257-prime-stainless-products-llc-notice-final, last accessed July 18, 2022 ); *see*

*also Notice of Final Determination as to Evasion*, issued in EAPA Case No.:

7184 (Sept. 17, 2019) (available at:

https://www.cbp.gov/document/guidance/eapa-investigation-number-7184-

diamond-tools-technology-llc-notice-final, last July 18, 2022). What constitutes

"substantial evidence" is not defined by EAPA laws. However, this Court and

other courts have interpreted the requirement.

    "Substantial evidence is 'more than a mere scintilla,' but 'less than the

weight of the evidence.' *Altx, Inc. v. United States*, 370 F.3d 1108, 1116 (Fed.

Cir. 2004). *See also Nippon Steel Corp. v. United States*, 458 F.3d 1345, 1351

(Fed. Cir. 2006). " 'A finding is supported by substantial evidence if a reasonable

mind might accept the evidence as sufficient to support the finding.' *Maverick*

*Tube Corp. v. United States*, 857 F.3d 1353, 1359 (Fed. Cir. 2017) (citing

*Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). *See also* 'The

substantiality of evidence must take into account whatever in the record fairly

detracts from its weight.' *CS Wind Vietnam Co. v. United States*, 832 F.3d 1367,

1373 (Fed. Cir. 2016). This includes 'contradictory evidence or evidence from

which conflicting inferences could be drawn.' *Suramerica de Aleaciones*

*Laminadas, C.A. v. United States*, 44 F.3d 978, 985 (Fed. Cir. 1994) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).” *See also Nippon Steel Corp. v. United States*, 458 F.3d 1345, 1351 (Fed. Cir. 2006). *See also SKF USA, Inc. v. United States*, 537 F.3d 1373, 1378 (Fed. Cir. 2008) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). “For an agency's determination to be supported by substantial evidence, the agency must ‘articulate [a] rational connection between the facts found and the choice made.’ *Burlington Truck Lines v. United States*, 371 U.S. 156, 168 (1962).” *Z.A. Sea Foods Private Ltd. v. United States*, [569 F.Supp.3d 1338, 1347] (Ct. Int'l Trade 2022). **“**Substantial evidence has also been described as "something less than the weight of evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). Fundamentally, though, "substantial evidence" is best understood as a word formula connoting a reasonableness review. 3 Charles H. Koch, Jr., *Administrative Law and Practice* § 9.24[1] (3d ed. 2021). Therefore, when addressing a substantial evidence issue raised by a party, the court analyzes whether the challenged agency action "was reasonable given the circumstances presented by the whole record." 8A *West's Fed. Forms*, National Courts § 3.6 (5th ed. 2020).” *Shanxi Hairui Trade Co. v. United States*, 503 F.Supp.3d 1307,

16

1310-11 (Ct. Int'l Trade 2021). "Customs must carry its burden of issuing a

determination that is supported by substantial evidence, 19 U.S.C. §

1517(c)(1)(A), interested parties bear the burden of supplying Customs with

accurate information that withstands verification, id. § 1517(c)(2)." *Royal Brush*

*Mfg., Inc. v. United States*, 545 F.Supp.3d 1357 (Ct. Int'l Trade 2021) (currently

being appealed)**.**

Although not defined by EAPA, in making "substantial evidence"

determinations, CBP has considered "relevant facts and observations" with

respect to a shipper's "company ownership, operations, and recordkeeping",

"raw material[s]", "invoices", "production capability and capacity" and "payroll

records". *Royal Brush Manufacturing, Inc. v. United States*, 483 F.Supp.3d 1294,

1299 (Ct. Int'l Trade 2020) (currently being appealed). Indeed, as provided by

Rowenda, Skyview presented a volume of *Royal Brush* "substantial evidence"

factor documentation that was not verified by CBP. See the Statement of Facts

section above.

Importantly, as discussed in the *Final Determination*, CBP did not even

review "production documentation" past the "CF28" process that concluded on

February 9, 2021, just before its *Notice of Investigation* on February 19, 2021.

CBP's Star Chamber already made up its mind and the remaining administrative

procedure appears to simply be a waste of time in direct violation of 19 U.S.C. §

1517(c). CBP took Masterbrand's hook, line, and sinker without any apparent

investigation. In the *Notice of investigation*, CBP stated, "That evidence is from

the allegation and cited in the NOI indicating WCV imported by the remaining

two importers under investigation, Deco and Skyview, was not produced in

Malaysia and instead originated in China (*i.e.*, country trade patterns, Rowenda

Kitchen trade patterns, information provided in an affidavit in the allegation, and

***failure of the importers to provide production documentation in CF28***

***responses***). Therefore, CBP concludes ***substantial evidence*** exists that Deco and

Skyview evaded the AD/CVD orders. Furthermore, ***while not necessary for***

***CBP's determination, the existence of various discrepancies and omissions***

***with respect to the RFI responses*** of Deco and Skyview also call into question

the accuracy of information provided by those importers." (emphasis added).

(Appx81618). Nowhere did CBP list out the various discrepancies and omissions

that were relevant to a country of origin analysis. Instead, CBP focused non-

"production documentation" items within its decision. *Id*. CBP also became

infatuated with the same importer certification that was used for all submissions

up and until *Skyview's Response* to unlawfully remove the probative value of the

"substantial evidence" submitted in the *Voluntary Submission*. (Appx81619).

Note that CBP did not take issue with the same certificate being utilized for

*Skyview's Written Argument* (Appx2905) and *Skyview's Response* (Appx2934).

Importantly, as previously stated in the Administrative Record, "at the time of the submission, SuDan Zhang, signatory to the certification, was knowledgeable of the statements and attachments presented in the new factual submission and believed them to be accurate and true." (Appx3015). CBP's *Final Determination* findings of evasion against Skyview are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law because CBP failed to establish, by "substantial evidence" that Skyview's Subject Entry was covered merchandise at the time of entry, as required under 19 U.S.C. § 1517(c)(1)(A).

On January 28, 2022, in its *Review Determination*, CBP stated that, in relying on the unlawful "September 16th Determination", it found "substantial evidence" demonstrating that evasion occurred. (Appx3078). CBP's determination is flawed from the start. Skyview has already shown that the *Final Determination* was based solely on pre-*Notice of Investigation* procedures. Nevertheless, CBP appeared to be fixated on invalidating production records[1] submitted by Rowenda through Skyview with the following characteristics:

- "failed to establish the existence of WCV production in Malaysia", Appx3077

---

[1] *See also* Appx81624. CBP stated that Skyview did not provide "actual" production documentation by either Rowenda or Roxy and did not provide "actual" country of origin documentation without further explanation.

- "failed to provide adequate and reliable evidence", Appx3078

- "provided no production records", Appx3078

- "even if credible/reliable (which they are not), do not demonstrate manufacturing in Malaysia", Appx3078

- "provided no production records to substantiate such claim", Appx3078

- "there is nothing in the record to demonstrate, what, if any, manufacturing of WCV actually occurred in Malaysia", Appx3079

- "inadequate to substantiate Skyview's claim of Malaysian-origin WCV", Appx3081

- "documents fail to rise to the level of production documents needed to substantiate Skyview's claim that the actual production of its WCV occurred in Malaysia", Appx3083

- "provided various invoices, without providing a thorough connection to the merchandise imported into the United States", Appx3083

- "documents contradict" and "exhibits contradict themselves", Appx3083

- "do not demonstrate actual production", Appx3083

- "does not constitute sufficient production records", Appx3083

- "even if the June 7th Submission were probative, it does not constitute sufficient production records", Appx3083

- "fully reviewed the information and rightfully determined it was not probative, and potentially fraudulent, due to its numerous inconsistencies", Appx3083

- "hodgepodge of any documents it could obtain, or potentially create, without verifying their accuracy and relation to its entries under investigation, and with no regard to their discrepancies", Appx3083

- "information is not credible, and we determine it to be unreliable", Appx3083

- "manufacturer did not provide production records to explain those discrepancies, but instead signed sworn affidavits attesting to the use of a completely different supply chain", Appx3085

- "only support in the record for the position that the entries are of Malaysian origin are purported supply chain and production documents, the accuracy of which is in question", Appx3085

As shown above, Skyview provided a volume of documentation from Rowenda to be used in making "substantial evidence" determinations as described in *Royal Brush*. Even where Skyview connected the dots from purchase order information to the shipment (Appx2889-2892), CBP simply disregarded documentation provided by Skyview and instead arbitrarily / questionably / numerously characterized / described Skyview's submissions. CBP stated, "The

21

main discrepancy is that of the Malaysian supply chain; in its July 1, 2021, written argument, Skyview reiterates: "Manufacture's affidavit from Rowenda of the raw materials used in the production of the good stating that the plywood is from a Malaysian supplier, Besgrade Plywood Sdn Bhd (submitted February 9, 2021)" ("Besgrade").[] However, in its Exhibit 11 – Supply Chain Documents, submitted a few weeks earlier with Skyview's June 7th Submission, Besgrade does not appear at all, instead Roxy, Wild Industries Sdn Bhd, Mohd Sobri Bin Md Daud ("Wild Industries"), and Hupp Li Timber Sdn Bhd ("Hupp Li Timber") are the purported suppliers." Appx3080-3081. First, a reasonable person would determine from the affidavit (Appx80693 document and Appx81003) that additional materials, e.g., hardwood (as listed in Roxy contract in Appx2563) for cabinet doors / trim, would be necessary to complete cabinets. Only plywood (Begrade), hardware, and cartons were listed. As discussed above, Skyview submitted Besgrade invoice 10008400 to CBP in Skyview's CF28 Responses on February 9, 2021 (Missing in Administrative Record) and *Voluntary Submission*. Appx2586. CBP's observation is simply incorrect in this regard. Simply put, Skyview connected the dots and CBP failed in its investigation duty. Instead, CBP believed that it "was confronted with evidence of basic transshipments." Appx3078.

22

CBP also stated that it relied on a third-party corporate investigator's statements regarding Skyview's production capacity. Specifically, "The third-party site visitor also stated 'there did not appear to be any substantive manufacturing operations at Rowenda Kitchen's factory in Malaysia.' Additionally, the site visitor noted that there was only minor equipment in the factory and the factory did not appear to have any substantial manufacturing operations." Appx3080. In reviewing/comparing photographs in the Administrative Record, although it appears that the "corporate investigator" visited Rowenda's factory location, pictures of the inside of the location seem to be missing from the Declaration. Appx80239-80240. Instead, the pictures pertain to an open area on the left side of the building (when facing the front side of the building). Compare to the left side of the building (when facing the front side of the building) in Appx80721. Also in Appx80721 you can see what appears to be cabinetry. Additionally, the pictures regarding production areas and substantial machinery are numerous in the Administrative Record. See production area pictures at Appx80695, Appx80697, Appx80699, Appx80713 Appx80715, Appx80738 and see production machine pictures at Appx80701, Appx80703, Appx80709, Appx80711, Appx80740, Appx80748, Appx80754-80758. *See also* Appx1813 and Appx1842-1843. If the investigator visited the inside of the main building, the person included no pictures and no list of machines (versus that

23

listed in Appx80754-80758). Moreover, the Administrative Record shows the same machinery at work in videos. *See* Confidential Record 108-111, 112 (Appx not applicable). The painting scheme in Confidential Record 111 also matches that of Appx80750. The overall appearance (e.g., number of stories, color scheme of steel structure, etc.) in production area pictures match that of the outside of the building. See production facility pictures Appx80695, Appx80697, Appx80699, Appx80713, Appx80715, Appx80738 versus outside facility pictures Appx80721, Appx80750, Appx80760, Appx80762. Rowenda's documentation is in direct contradiction to that of the investigator.  Thus, CBP when determining the substantiality of evidence, it failed to take into account these observations that fairly detracted from its weight. Again, CBP's finding of evasion against Skyview is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law because CBP failed to establish, by "substantial evidence" that Skyview's Subject Entry was covered merchandise at the time of entry, as required under 19 U.S.C. § 1517(c)(1)(A). Thus, this Court should find similarly under 19 U.S.C. § 1517(g)(2)(B) and 5 U.S.C. § 706.

Skyview respectfully disagrees with the CIT findings. The CIT held that CBP has satisfied its mandate, and substantial evidence supports its evasion determination. CIT relied on CBP's "finding that Skyview's evidence was replete with contradictions, omissions, and inconsistencies is a valid basis on which to

determine that its submissions were not credible and that the record as a whole supported the allegations against it. Final Determination, J.A. at 81,618 n.36, ECF No. 33 (identifying each piece of evidence that was missing or inconsistent in each of Skyview's submissions)." However, none of the missing (or inconsistent evidence for that matter) would be necessary for a *Royal Brush* "substantial evidence" factor production record determination. At the outset, Skyview gathered documentation to the best of its ability from the November Request to the Voluntary Submission, including kitchen sink request documentation not relevant for a production shipper (Rowenda) finding. Concerning onsite Skyview agent visits from years earlier, nothing in the record refutes the production records submitted by Rowenda through Skyview. Concerning Skyview accounting records requested by (e.g., general ledger chart of accounts, pre-closing and closing trial balances, and all accounts payable records covering the calendar or business years 2019 and 2020), again the records are not relevant to the production records submitted by Rowenda through Skyview. Concerning the purchase order request, there are simply no mandated purchase order format and it is known that both Skyview and Rowenda are small companies that likely do not have large company like processes and procedures. While the CIT called out CBP discrepancy and omission observations in APPX81624 and APPX3078, CBP's broad statements concerned denial

25

allegations of actual production, probative value, actual country of origin, accuracy, reliability, production records, etc. and allegations as stated in the hidden/business confidential evidence submitted by Masterbrand. APPX3106 The CIT also relied on other statements made by CBP where CBP stated "that it 'find[s] that the June 7th Submission is inadequate to substantiate Skyview's claim of Malaysian-origin WCV' because "the documents fail to rise to the level of production documents needed to substantiate Skyview's claim that the actual production of its WCV occurred in Malaysia.' Admin. Rev. at 11, 12-13, J.A. at 3, 081 3,082-083, ECF No. 32. In short, the agency concluded that "[t]here is nothing to indicate that the WCV at issue were produced with the materials and parts included in the various provided invoices, and the documentation does not confirm the country of origin of the WCV as being Malaysian." *Id.* at 13. APPX3106-3107 For example, CBP stated, "The main discrepancy is that of the Malaysian supply chain; in its July 1, 2021, written argument, Skyview reiterates: 'Manufacture's affidavit from Rowenda of the raw materials used in the production of the good stating that the plywood is from a Malaysian supplier, Besgrade Plywood Sdn Bhd (submitted February 9, 2021)' ('Besgrade'). However, in its Exhibit 11 – Supply Chain Documents, submitted a few weeks earlier with Skyview's June 7th Submission, Besgrade does not appear at all, instead Roxy, Wild Industries Sdn Bhd, Mohd Sobri Bin Md Daud ('Wild

26

Industries'), and Hupp Li Timber Sdn Bhd ('Hupp Li Timber') are the purported suppliers." Appx3080-3081 However, Skyview stated in its brief to the CIT that, "First, a reasonable person would determine from the affidavit (Appx80693 document and Appx81003) that additional materials, e.g., hardwood (as listed in Roxy contract in Appx2563) for cabinet doors / trim, would be necessary to complete cabinets. Only plywood (Begrade), hardware, and cartons were listed. As discussed above, Skyview submitted Besgrade invoice 10008400 to CBP in Skyview's CF28 Responses on February 9, 2021 (Missing in Administrative Record) and *Voluntary Submission*. Appx2586. CBP's observation is simply incorrect in this regard. Simply put, Skyview connected the dots and CBP failed in its investigation duty. Instead, CBP believed that it "was confronted with evidence of basic transshipments."' Appx3078. CBP went on to discredit a thorough walkthrough from PO to shipment. APPX3081-3083. However, it appears that CBP missed where Skyview connected the dots from purchase order information to the shipment. Appx2889-2892. With the walkthrough, Skyview pointed out discrepancies are that are not fatal to a negative "substantial evidence" determination. CBP simply disregarded documentation provided by Skyview and instead arbitrarily / questionably / numerously characterized / described Skyview's submissions. The CIT also points to "the photographs and testimony provided by the investigator.  Final Determination, J.A. at 81,616-617,

27

ECF No. 33; Admin. Rev. at 9-10, J.A. at 3,079-080, ECF No. 32."

APPX3107. However, as further explained below, reliance on is a violation of

Skyview's due process and should not be allowed. Lastly, the CIT relies on a

CBP "specific finding that 'there was no need to consider verification' of the

evidence because the agency had determined that Skyview's submission was

'unreliable and therefore, not probative.' Final Determination, J.A. at 81,625,

ECF No. 33." APPX3108. However, there is no "rational connection between the

facts found and the choice made" and a "substantial evidence" finding should not

be upheld. Moreover, above and below demonstrate that CBP did not consider

evidence that "record fairly detracts from its weight" "from which conflicting

inferences could be drawn." Thus, CBP did not "determine 'which of the parties'

claims was more compelling based on an assessment of whose evidence was more

credible and reliable." APPX3104.

## II. CBP's Findings Of Evasion Against Skyview Are Unlawful Because CBP Did Not Follow All EAPA Procedures When It Applied Adverse Inferences Again Rowenda And Because CBP's Findings of Evasion Against Skyview Are Arbitrary, Capricious, An Abuse Of Discretion, And Otherwise Not In Accordance With Law

"If the Commissioner [of CBP] finds that a party or person . . . has failed

to cooperate by not acting to the best of the party or person's ability to comply

with a request for information, the Commissioner *may*, in making a

determination . . . use an inference that is adverse to the interests of that party or

28

person in ***selecting from among the facts otherwise available to make the***

***determination***." 19 U.S.C. § 1517(c)(3)(A) (emphasis added). The statute further

provides that an adverse inference as described above may be used with respect

to the person subject to an EAPA investigation or the foreign producer or

exporter of the merchandise covered under such investigation "without regard to

whether another person involved in the same transaction or transactions under

examination has provided the information sought by the Commissioner [of

CBP]." 19 U.S.C. § 1517(c)(3)(B). The relevant statutory and regulatory

framework allows CBP to apply an adverse inference in selecting among the

facts otherwise available. 19 U.S.C. § 1517(c). CBP takes an adverse inference

for a specific purpose—in furtherance of deciding whether the entity under

investigation caused covered merchandise to enter U.S. customs territory through

evasion. 19 U.S.C. § 1517(c)(3). And, when it applies an adverse inference, it

does so against a certain aspect of the evasion determination, *see* 19 U.S.C. §

1517(c)(3)(B); 19 C.F.R. § 165.6(c), and only if the party against whom the

adverse inference is taken failed to cooperate to the best of its ability to comply a

specific request for information.

    Here, because neither this Court nor the Federal Circuit have had the

opportunity to provide further guidance on the adverse inference framework

established by EAPA, in order to properly review CBP's application of adverse

inferences in an EAPA context, it may be helpful to analyze the adverse

inferences framework applied by Commerce in the antidumping and

countervailing duty context. While, indeed, CBP and Commerce are different

agencies implementing different laws, they do share one common goal—

enforcing the terms of an existing antidumping or countervailing duty order and

making sure that the correct duties are assessed. Although, admittedly, a different

agency and implementing a different statute, the goal is the same—enforce the

terms of an existing antidumping or countervailing duty order and collect

requisite duties. Given the close enforcement relationship between CBP and the

Commerce; the fact that the adverse inferences statutory provision in EAPA so

strongly mirrors that in 19 U.S.C. § 1677e(b); and the robust body of law this

Court has developed in assessing whether the application of adverse inferences

was contrary to law, there is no reason the analytical framework for assessing the

application of adverse inferences under EAPA should differ from that under 19

U.S.C. § 1677e(b). Moreover, 19 U.S.C. § 1517(c)(3)(A) postdates the statute (19

U.S.C. § 1677e(b)(1)(A)) that governs Commerce in applying adverse inferences

against respondents who fail to act to the best of their ability in complying with

agency antidumping requests.

Here, CBP took an adverse inference against Rowenda. In the *Final

Determination* CBP stated, "There is no basis for concluding that Rowenda

Kitchen was unable to provide a response to its RFI, and application of adverse inference to that party is appropriate. Rowenda Kitchen's failure to cooperate and comply to the best of its ability to CBP's information requests leads CBP to rely on evidence otherwise on the record regarding identification of the country of origin of merchandise Rowenda Kitchen shipped to the Importers. That evidence is from the allegation and cited in the NOI indicating WCV imported by the remaining two importers under investigation, Deco and Skyview, was not produced in Malaysia and instead originated in China (*i.e.*, country trade patterns, Rowenda Kitchen trade patterns, information provided in an affidavit in the allegation, and failure of the importers to provide production documentation in CF28 responses). Therefore, CBP concludes substantial evidence exists that Deco and Skyview evaded the AD/CVD orders." Appx81618. *See also* Appx3074. Interestingly CBP went on to state, "To the extent that Skyview suggests that adverse inferences applied to Rowenda somehow unfairly or improperly led to a finding of evasion as to Skyview, such an argument is without merit. As discussed thoroughly in the September 16th Determination and herein, Skyview failed to establish the existence of WCV production in Malaysia as to the products imported by Skyview into the United States and declared to be of Malaysian origin and thus not subject to AD/CVD. As the importer, Skyview is responsible to provide CBP with all information necessary to establish the

correct duty amounts for its imports. Skyview's failure to do so is independent of any failure by Rowenda to cooperate." Appx3077. CBP again failed in addressing the matter in the *Review Determination stating*, "as TLRED did not apply adverse inferences against Skyview, this review also does not address Skyview's contention that it timely and wholly complied, to the best of its ability, with CBP's requests." Appx3077. 19 U.S.C. § 1517(f) requires CBP to conduct the review under *de novo* standard. *See* 19 U.S.C. § 1517(f). Therefore, the application of adverse inference should still comply with the procedures set forth in 19 U.S.C. § 1517(c).

"The mere failure of a respondent to furnish requested information — for any reason — ***requires Commerce to resort to other sources of information to complete the factual record on which it makes its determination***." *Nippon Steel Corp. v. U.S.*, 337 F.3d 1373, 1381 (Fed. Cir. 2003) (emphasis added). Accuracy indeed is an overriding principle in determining antidumping / countervailing rates / applications. See *Baroque Timber Industries (Zhongshan) Co., Ltd. v. United States*, 925 F.Supp.2d 1332, 1339, *Royal Brush Manufacturing, Inc. v. United States*, 483 F.Supp.3d 1294 (Ct. Int'l Trade 2013) (currently being appealed), *Parkdale Intern. v. United States*, 475 F.3d 1375, 1390 (Fed. Cir. 2007), and *Rhone Poulenc, Inc. v. United States*, 899 F.2d 1185, 1191 (Fed. Cir. 1990)). Here, CBP had the full record (other evidence) through Skyview from

Rowenda (and Roxy) to make a determination pursuant to 19 U.S.C. § 1517(c) and did not consider production records as discussed in B. Formal Investigation in the previous section above. Thus, CBP did not comply with all procedures under subsections (c) and CBP's conclusion jump was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Regardless of how CBP applied the adverse inference, it did so unlawfully. Thus, non-responses by Rowenda and Roxy as discussed in section B. Formal Investigation above did not amount to "substantial evidence" that evasion occurred.

The CIT held that CBP drew no adverse inferences against Skyview and that CBP explained that it was drawing an adverse inference in selecting from facts otherwise available for its country-of-origin analysis to fill the gaps that Rowenda's repeated refusal to cooperate created. APPX3111. Even if CBP had the statutory authority to apply an adverse inference against Rowenda, it incorrectly applied 19 U.S.C. § 1517(c)(3)(B); 19 C.F.R. § 165.6(c) concerning "selecting from among the facts otherwise available to make the determination." Although Rowenda did not submit production data to CBP, Rowenda submitted production data to Skyview which in turn submitted the production data to CBP pursuant to the March RFI and Voluntary Submission Request. CBP conveniently and unlawfully chose to disregard the production data submitted by Rowenda through Skyview.

33

This evidence fairly detracts from the substantiality of the evidence. Therefore, because CBP abused its discretion when it applied an adverse inference against Rowenda, as its decision to do so was based on an erroneous interpretation of the laws governing the application of adverse inferences under EAPA in "selecting from among the facts otherwise available to make the determination.". Again, CBP's finding of evasion against Skyview is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law because CBP failed to establish, by "substantial evidence" that Skyview's Subject Entry was covered merchandise at the time of entry, as required under 19 U.S.C. § 1517(c)(1)(A). Thus, this Court should find similarly under 19 U.S.C. §§ 1517(g)(2)(A), 1517(g)(2)(B) and 5 U.S.C. § 706.

### III.  CBP's Findings Of Evasion Against Skyview Are Unlawful Because CBP Erroneously Shifted The Burden Of Proof To Skyview

It is well-known that CBP, "[p]rior to making a determination under §165.27, CBP may in its discretion verify information in the United States or foreign countries collected under §165.23 as is necessary to make its determination." 19 C.F.R. § 165.25. *See also* 19 U.S.C. § 1517(c)(2)(B). "Absent constitutional constraints or extremely compelling circumstances{,} the administrative agencies should be free to fashion their own rules of procedure and to pursue methods of inquiry capable of permitting them to discharge their

multitudinous duties." *Vt. Yankee Nuclear PowerCorp. v. Natural Res. Def. Council, Inc.*, 435 U.S. 519, 543 (1978). (internal quotation marks and citation omitted) "{A}accuracy is a compelling justification, which is not outweighed by finality in this case, and the scope of the remand request is appropriate." *Baroque Timber Industries (Zhongshan) Co., Ltd. v. United States*, 925 F.Supp.2d 1332, 1339 (*Royal Brush Manufacturing, Inc. v. United States*, 483 F.Supp.3d 1294 (Ct. Int'l Trade 2013). Since CBP is administering antidumping laws, it should be following the lead of Commerce with "an overriding purpose … to calculate dumping margins *as **accurately as possible***". (emphasis added) *Parkdale Intern. v. United States*, 475 F.3d 1375, 1390 (Fed. Cir. 2007) (citing *Rhone Poulenc, Inc. v. United States*, 899 F.2d 1185, 1191 (Fed. Cir. 1990)).

Contrary to 19 U.S.C. § 1517(c)(1)(A), CBP failed to make its determination based on "substantial evidence" by erroneously shifting the burden of proof to and onus on Skyview in the *Review Determination*. Appx3076, Appx3082, Appx3084. This finding was also arbitrary and capricious, and an abuse of discretion, because CBP wrongfully applied the standard of review— under the EAPA statute, CBP must find, by "substantial evidence", that evasion has occurred; conversely, the importer does not have to disprove the allegation by "substantial evidence", but merely by evidence sufficient to fairly detract from the substantiality of the evidence, which Skyview did. As stated above, CBP

stated that Skyview did not provide "actual" production documentation by either Rowenda or Roxy and did not provide "actual" country of origin documentation without further explanation. Appx81624. CBP also wrongly added timely and costly "full supply chain" assessment requirements that are not simply part of EAPA framework (and reasonable care), that could not conceivably be accomplished within the short timeframes to produce records. Appx3084.

It is clear that CBP did not verify documentation presented by Skyview. Instead, CBP made conclusory statements that Skyview was required to know its full production chain (well beyond reasonable care) even before importing, and jumped to unsupported decisions that Skyview potentially / fraudulently created supplier documentation. Appx3076, Appx3082, Appx3084. Moreover, parties to EAPA investigations are required to certify that all statements/documents "are accurate and true to the best of my knowledge and belief" for which Skyview certified throughout the EAPA investigation and proceedings. 19 C.F.R. §165.5(b). Thus, CBP did not fully comply with all procedures that EAPA sets forth. Specifically, CBP failed to abide by 19 U.S.C. § 1517(g)(2)(A) when making its determination based on "substantial evidence", as it erroneously shifted the burden of proof to Skyview.

Clearly CBP erred in its burden shifting exercise and nothing more. "Customs must carry its burden of issuing a determination that is supported by

36

substantial evidence, 19 U.S.C. § 1517(c)(1)(A), interested parties bear the burden of supplying Customs with accurate information that withstands verification, id. § 1517(c)(2)." *Royal Brush Mfg., Inc. v. United States*, 545 F.Supp.3d 1357 (Ct. Int'l Trade 2021) (currently being appealed)**.** The defendant respondent's reliance on *Allied Tube & Conduit Corp. v. United States*, 132 F. Supp. 2d 1087, 1094 (Ct. Int'l Trade 2001), *Fujitsu Gen. Ltd. v. United States*, 88 F.3d 1034, 1040 (Fed. Cir. 1996), *Primary Steel, Inc. v. United States*, 834 F. Supp. 1374, 1383 (Ct. Int'l Trade 1993), and *Downhole Pipe & Equip., L.P. v. United States*, 776 F.3d 1369, 1376-77 (Fed. Cir. 2015) do not relate EAPA actions as the Court has spoken directly to the requirement. CBP clearly had the burden and Skyview met the burden by certifying that the facts were "accurate and true to the best of my knowledge and belief" under 19 C.F.R. § 165.5(b). *See* Appx2245, Appx2410, and Appx2502. As stated above and as on the administrative record (and as admitted by the respondents (Def.'s Resp. Br. 23 and Masterbrand's Resp. Br. 12), CBP did not verify the facts under 19 U.S.C. § 1517 (c)(2)(B). While the statute does not have "must" wording, there must be "rational connection" between the facts and findings. *See Consol. Fibers, Inc. v. United States*, 535 F. Supp. 2d 1345, 1354 (2008) (citing *In re Gartside*, 203 F.3d 1305, 1312 (Fed. Cir. 2000)), *Shandong Dongfang Bayley Wood Co. v. United States*, 375 F. Supp. 3d 1339, 1344 (Ct. Int'l Trade 2019) (quoting *Motor Vehicle*

37

*Mfrs. Ass'n. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)), and

*Hartford Fire Ins. Co. v. United States*, 918 F. Supp. 2d 1376, 1378 (Ct. Int'l

Trade 2013) (quoting *Sterling Fed. Sys., Inc. v. Goldin*, 16 F.3d 1177, 1182 (Fed.

Cir. 1994) and *Gerritsen v. Shirai*, 979 F.2d 1524, 1529 (Fed. Cir. 1992)).

Skyview clearly presented facts sufficient to fairly detract from the substantiality

of the evidence. Thus, CBP was required to verify the facts presented by both

Skyview and Masterbrand. The record is absent of CBP doing anything beyond

the beginning phase of the EAPA action. CBP believed that it "was confronted

with evidence of basic transshipments." Appx3078. In the *Notice of*

*investigation*, CBP stated, "That evidence is from the allegation and cited in the

NOI indicating WCV imported by the remaining two importers under

investigation, Deco and Skyview, was not produced in Malaysia and instead

originated in China (*i.e.*, country trade patterns, Rowenda Kitchen trade patterns,

information provided in an affidavit in the allegation, and ***failure of the***

***importers to provide production documentation in CF28 responses***). Therefore,

CBP concludes ***substantial evidence*** exists that Deco and Skyview evaded the

AD/CVD orders. Furthermore, ***while not necessary for CBP's determination,***

***the existence of various discrepancies and omissions with respect to the RFI***

***responses*** of Deco and Skyview also call into question the accuracy of

information provided by those importers." (emphasis added). (Appx81618).

38

**IV.    CBP's Findings Of Evasion Against Skyview Are Arbitrary, Capricious, An Abuse Of Discretion, And Otherwise Not In Accordance With Law Because CBP Failed To Notify Skyview Of Detracting Evidence And Because CBP Failed To Consider Detracting Evidence And Because CBP Did Not Release Business Confidential Information**

"One 'relatively immutable' principle of due process is that 'where governmental action seriously injures an indi- vidual, and the reasonableness of the action depends on fact findings, the evidence used to prove the [g]overnment's case must be disclosed to the individual so that he has an opportunity to show that it is untrue.' *Greene v. McElroy*, 360 U.S. 474, 496 (1959). This immutable principle applies to cases where facts have been withheld from an entity during an administrative proceeding. *Id.* at 497 (gathering cases); *Ramirez v. Dep't of Homeland Sec.*, 975 F.3d 1342, 1349–53 (Fed. Cir. 2020); *Doty v. United States*, 53 F.3d 1244, 1251 (Fed. Cir. 1995) ('The agency's withholding of the evidence on which [it] purported to rely w[as] . . . egregiously removed from the fairness required of an agency in its administrative responsibilities . . . .') . . . In short, the law is clear that, in adjudicative administrative proceedings, due process 'includes the right to know what evidence is being used against one.' *Robbins v. U.S. R.R. Ret. Bd.*, 594 F.2d 448, 452 (5th Cir. 1979). . . . The right to due process does not depend on whether statutes and regulations provide what is required by the constitution. . . . [W]hen a due process violation has occurred

39

because of a denial of access to new and material information upon which an agency relied, no additional showing of prejudice is required.  *See Stone v. F.D.I.C.*, 179 F.3d 1368, 1377 (Fed. Cir. 1999) ('[W]hen a procedural due process violation has occurred because of ex parte communications, such a violation is not subject to the harmless error test.'); *see also Ramirez*, 975 F.3d at 1352–53.  This is not a situation in which the evidence 'played a negligible role' in the agency's final decision. *See Tennessee Secondary School Athletic Ass'n v. Brentwood Academy,* 551 U.S. 291, 303 n.4 (2007).  In any event, on its face, the denial of access to the redacted information here was prejudicial because it denied access to information on which the agency relied in reaching its decision. *Royal Brush Mfg. v. United States*, 2022-1226 (Fed. Cir. Jul 27, 2023) (currently being appealed) (footnotes deleted).

At every stage of the evasion investigation, CBP refers to and relies upon business confidential information paid for and the produced by Masterbrand. *See*, e.g., *Notice of Investigation* (Appx80790-80791); *Final Determination* at (Appx81613, Appx81617-81618); *Review Determination* (Appx3076, Appx3078-3080, Appx3084. For example, "As summarized in the NOI, the allegation contained evidence that WCV merchandise imported by Greentree, PBM, Deco, and Skyview originated from China and was transshipped through Malaysia. Specifically, the evidence consisted of: … [an investigator] that the Rowenda

Kitchen facilities are relatively small, that they are equipped for minor processing such as wood treatment and painting, rather than substantive manufacturing such as milling, that a nearby building was limited to administrative activities, and that showrooms were either closed down or unoccupied." Appx81616-81617. "The third-party site visitor also stated 'there did not appear to be any substantive manufacturing operations at Rowenda Kitchen's factory in Malaysia.' Additionally, the site visitor noted that there was only minor equipment in the factory and the factory did not appear to have any substantial manufacturing operations. With this third-party investigation evidence, evasion of AD/CVD through the transshipment of WCV by Rowenda is substantiated." Appx3079-3080. Instead, CBP waited until its *Review Determination* to state differences between what Masterbrand submitted behind closed doors and what Skyview submitted. "We also note, while these photos are redacted, as business confidential, the third-party site ['corporate'] investigator provided widely different pictures of the manufacturer's facilities as compared to Skyview's submitted photos, purporting to establish factory capabilities and production." Appx3080. With now having access to the business confidential documentation, the genie is out of the bottle.

As discussed above in detail, there are indeed relevant differences between the investigators photographs and that of Rowenda. The only production like area

picture taken was from the outside of the manufacturing location. Also missing from the investigator's pictures are inside pictures of the main production areas and machines. It is worth noting that videos in the Administrative Record also differ from the investigator's depiction of the manufacturing location. Thus, CBP's statement that, "although it was MasterBrand that provided the research, the foreign market research and third-party corporate investigation, were conducted by **_disinterested entities_**, including U.S. government agencies, not parties to the case" is simply unfounded and incorrect. (emphasis added). Appx3084. Despite relying on the pictures as evidence of transshipment, CBP never provided copies of such to Skyview. Despite knowing that the investigator's pictures fairly detracted from "substantial evidence", CBP failed on considering the observation and informing Skyview of such a detraction. Thus, CBP deprived Skyview of the opportunity to review, evaluate, and comment on business confidential data and, consequently, a fair opportunity to defend itself. CBP's administration of the investigatory and administrative proceedings, including its decisions not to release evidence necessary for Skyview to raise its defenses and to heavily redact administrative record submissions, is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law because CBP failed to establish, by "substantial evidence" that Skyview's Subject Entry was covered merchandise at the time of entry, as required under 19 U.S.C.

42

§ 1517(c)(1)(A). Thus, this Court should find similarly under 19 U.S.C. §

1517(g)(2)(B) and 5 U.S.C. § 706.

Skyview also respectfully disagrees with the CIT's holding there was no

violation of Skyview's due process rights. The CIT stated that "Customs provided

summaries of the confidential evidence.  Although Customs redacted the photos

and videos as confidential business information, the narrative form of the

allegations describes their content with enough specificity that Plaintiff was put

on notice and able to offer counterevidence.  MasterBrand Allegation at 10- 11,

J.A. at 1,163-164, ECF No. 32; Notice of Initiation at 2-4, J.A. at 1,423-424, ECF

No. 32." APPX3120. Contrary to the stances of the CIT and MasterBrand, the

confidential record did not put Skyview on notice to provide evidence to counter

MasterBrand's hidden record. Moreover, the violation prevented Skview from

presenting what a reasonable person would see, relevant facts and observations

that were not picked up on by CBP where the administrative record is credible

and replete with photographs and videos from Rowenda showing machinery

capable of producing WCV. Whether Skyview was to hop on an airplane to

submit photos and videos or to otherwise cure on-site visits of a Skyview agent are moot

points. Skyview was indeed not aware of Masterbrand's hidden evidence. *See PSC VSMPO-

Avisma Corp. v. United States*, 688 F.3d 751, 761-62 (Fed. Cir. 2012) (finding that,

where a party was aware of the evidence that might be used against it and had

43

"the opportunity to put forth evidence" to support an alternative conclusion, there is no due process violation). There was no crystal ball that showed the particulars of the building photos as discussed above as well as video otherwise provided to the administrative record. Thus CBP "use[d] evidence in a way that foreclose[d] an opportunity to offer a contrary presentation." *Bowman Transp., Inc. v. Arkansas-Best Freight System, Inc.*, 419 U.S. 281, 289 n.4 (1974). Likewise, after Skyview learned of CBP's unlawful determination under 19 U.S.C. § 1517(c), Skyview indeed raised its timely (but moot) business confidential concerns in the Req. for Admin. Rev. (Appx3013), even before learning of the egregiousness of the hidden data.

There is no doubt that Skyview was entitled to all evidence that CBP placed into the record. Like *Royal Brush*, there is also no question here that CBP relied upon factual information not provided to Skyview to support its determination that Skyview was evading duties by transshipping WCV through China. In sum, CBP relied on factual information that was not provided to Skyview to determine that Skyview had evaded duties. This, in and of itself, is a clear violation of due process.

**V. CBP's Findings Of Evasion Against Skyview Are Unlawful Because CBP Did Not Follow All EAPA Procedures And Findings Are Arbitrary, Capricious, An Abuse Of Discretion, And Otherwise Not In Accordance With Law Because CBP Unlawfully Relied On Disallowed Hearsay In Its Substantial Evidence Determination**

44

"Unless modified by agency rules, evidence is admitted in administrative proceedings in accordance with § 556(d) of the APA, which provides: 'Any oral or documentary evidence may be received, but the agency as a matter of policy shall provide for the exclusion of irrelevant, immaterial, or unduly repetitious evidence.' 5 U.S.C. § 556(d) (1988); *see also* 3 K. Davis, *Administrative Law Treatise* § 16.1-1 (Supp.1989), § 16.5 (1980). The APA further provides that 'relevant evidence' may be admitted in administrative hearings. 5 U.S.C. § 556(c)(3) (1988). If hearsay evidence satisfies the APA standard, agencies may consider it in light of its ' 'truthfulness, reasonableness, and credibility'.' *Veg-Mix, Inc. v. U.S. Dep't of Agriculture*, 832 F.2d 601, 606 (D.C.Cir.1987) (quoting *Johnson v. United States*, 628 F.2d 187, 190-91 (D.C.Cir.1980)). However, "[t]he Supreme Court expressly found that under the APA, hearsay evidence is admissible 'up to the point of relevancy.' *Id*. at 410, 91 S.Ct. at 1431-32 …*See*, e.g., *Veg-Mix, Inc.*, 832 F.2d at 606 (hearsay evidence meeting APA standards of admissibility may be assessed according to truthfulness, reasonableness and credibility); *Calhoun v. Bailar*, 626 F.2d 145, 148-49 (9th Cir.1980) (probative value, reliability and fairness must be weighed to determine admissibility of hearsay evidence), cert. denied, 452 U.S. 906 (1981); *Schaefer v. United States*, 633 F.2d 945, 952, 224 Ct.Cl. 541 (1980) (hearsay

45

evidence admissible if sufficiently convincing to a reasonable mind and

sufficient assurance of truthfulness exists).” It is long established that agencies

may consider hearsay and that it “may be treated as substantial evidence, even

without corroboration if, to a reasonable mind, the circumstances are such as to

lend it credence.” *Hayes v. Dep't of the Navy*, 727 F.2d 1535, 1538 (Fed. Cir.

1984); *see also Richardson v. Perales*, 402 U.S. 389, 407-08 (1971) (clarifying

that hearsay evidence is not prohibited in administrative proceedings if it is

reliable and probative).

It is clear that CBP heavily relied on business confidential statements

made in the pre-*Notice of Investigation* Administrative Record. In the *Final

Determination*, as discussed above, CBP relied on “information provided in

an affidavit in the allegation”. Appx81618. In the *Administrative Review*,

CBP continued its approach with its reliance on the business confidential

statements made by the “corporate investigator” hired by Masterbrand.

Appx3079-3080. Skyview has no knowledge of concerning allegation.”

*Skyview's Response* (Appx2920) However, the aforementioned business

confidential statements are certainly disallowed hearsay and should removed

from the Administrative Record and not be considered by CBP. Concerning

the probative value, nothing demonstrates the statements are inherently

reliable. To the contrary, as discussed above, the investigator failed to provide

46

pictures of the inside of the main production building area as well as providing a machinery list. As to reliability and fairness, statements are biased towards, prejudice against, and is adverse to Skyview based on MasterBrand's employment of the services. Moreover, it does not appear that CBP has conducted a verification or any on-site verification pursuant to 19 U.S.C. § 1517(c)(2)(B). Instead, CBP ceased to investigate the matter past the CF28 stage as discussed above. Skyview respectfully disagrees with the CIT's holding that the evidence is credible. APPX3123. CBP's finding of evasion against Skyview is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law because CBP failed to establish, by "substantial evidence" that Skyview's Subject Entry was covered merchandise at the time of entry, as required under 19 U.S.C. § 1517(c)(1)(A). Thus, this Court should find similarly under 19 U.S.C. §§ 1517(g)(2)(A), 1517(g)(2)(B) and 5 U.S.C. § 706.

## CONCLUSION

CBP's determination that Skyview "evaded" the Order cannot be sustained because CBP committed fatal legal and factual errors with respect to elements required to make an affirmative determination of "evasion". Specifically, CBP's determination that Skyview entered covered merchandise through evasion was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law and CBP's determination of substantial evidence that supports evasion was

arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law. For the foregoing reasons, Skyview respectfully request that this Court reverse the judgment entered below and CBP's evasion determination.

Respectfully submitted,

/s/ Kyl J. Kirby
Kyl J. Kirby
Kyl J. Kirby, Attorney and Counselor at Law, P.C.
1400 Lipscomb Street
Fort Worth Texas, 78104
Telephone: (214) 632-0841
E-mail: kyl@kirbyfedlaw.com
*Counsel for Plaintiff-Appellant*
SKYVIEW CABINET USA, INC.

Dated: October 23, 2023

**ADDENDUM**

Judgment (June 20, 2023) ……................................................ Appx00001

Slip Opinion Granting Defendant's MSJ (June 20, 2023) ................... Appx00003

## UNITED STATES COURT OF INTERNATIONAL TRADE

SKYVIEW CABINET USA, INC.,

         *Plaintiff,*

v.

UNITED STATES,

         *Defendant,*

   *and*

MASTERBRAND CABINETS, INC.,

         *Defendant-Intervenor.*

Before: Stephen Alexander Vaden,
Judge

Court No. 1:22-cv-00080

## JUDGMENT

In accordance with the Opinion issued this day, and after due deliberation, it is hereby

**ORDERED** that the challenged portions of Customs and Border Protection's (Customs) Final Determination as to Evasion in EAPA case number 7553 are **SUSTAINED**; and it is further

**ORDERED** that the challenged portions of Customs' Administrative Review number H321677 are **SUSTAINED**; and it is further

Court No. 1:22-cv-00080                                                    Page 2

      **ORDERED** that Plaintiff's Motion for Judgment on the Agency Record, ECF

No. 30, is **DENIED**.


      **SO ORDERED.**

                                  /s/ Stephen Alexander Vaden
                                  Stephen Alexander Vaden, Judge

      Dated: June 20, 2023
      New York, New York

Slip Op. No. 23-91

# UNITED STATES COURT OF INTERNATIONAL TRADE

SKYVIEW CABINET USA, INC.,

    *Plaintiff,*

v.

UNITED STATES,

    *Defendant,*

    *and*

MASTERBRAND CABINETS, INC.,

    *Defendant-Intervenor.*

Before:  Stephen Alexander Vaden, Judge

Court No. 1:22-cv-00080

## OPINION

[Sustaining Customs' Final Determination of evasion.]

Dated:  June 20, 2023

*Kyl J. Kirby*, Attorney and Counselor at Law, of Fort Worth, TX, for Plaintiff Skyview Cabinet, Inc.

*Ioana Cristei*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant United States.  With her on the brief were *Brian M. Boynton*, Principal Deputy Assistant Attorney General; *Patricia M. McCarthy*, Director; and *Tara K. Hogan*, Assistant Director, Commercial Litigation Branch.  Of counsel on the brief were *Joseph F. Clark* and *Eric Brekke*, Attorneys, Enforcement and Operations Office of the Chief Counsel, U.S. Customs and Border Protection.

*Timothy C. Brightbill*, Wiley Rein LLP, of Washington, DC, for Defendant-Intervenor MasterBrand Cabinets, Inc.  With him on the brief was *Laura El-Sabaawi*.

**Vaden, Judge:** Plaintiff Skyview Cabinet, Inc. (Skyview) comes before the Court to challenge U.S. Customs and Border Protection's (CBP or Customs) Final Determination of Evasion (Final Determination) and the agency's subsequent Administrative Review affirming that determination (the Administrative Review). *See Notice of Determination as to Evasion, EAPA Cons. Case Number 7553* (Sep. 16, 2021); Admin. Rev. Case Number H321677 (Jan. 28, 2022), J.A. at 3,071-086, ECF No. 32. In its Motion for Judgment on the Agency Record, Plaintiff argues that Commerce's finding of evasion was unlawful insofar as it failed to comply with various procedural requirements set out by the Enforce and Protect Act (EAPA), 19 U.S.C. §1517. *See generally* Pl.'s Br., ECF No. 30. Plaintiff alleges that Customs did not support its findings with substantial evidence, unlawfully applied adverse inferences, failed to confer with Commerce as the statute requires, violated Skyview's due process rights, shifted the burden of proof onto Skyview contrary to the statute, and unlawfully admitted hearsay into evidence. *Id.* at 11-36. For the reasons set forth below, Plaintiff's Motion for Judgment on the Agency Record is **DENIED**; and Customs' determinations are **SUSTAINED**.

## BACKGROUND

The Department of Commerce (Commerce) issued antidumping and countervailing duty orders on wooden cabinets and vanities (WCV) from China (Orders) on April 21, 2020. *Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China: Antidumping Duty Order*, 85 Fed. Reg. 22,126

(Apr. 21, 2020); *Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China: Countervailing Duty Order*, 85 Fed. Reg. 22,134 (Apr. 21, 2020). On October 13, 2020, MasterBrand Cabinets, Inc. (MasterBrand) filed an allegation of evasion and request for an investigation under EAPA against Skyview. MasterBrand Allegation 1-14, Exs. 1-9, J.A. at 80,157-243, ECF No. 33. MasterBrand also included a request that certain information, such as photographs and the identity of some persons named in the allegation, be treated as confidential under 19 C.F.R. § 165.4(a). *Id.* at 12. Pursuant to the regulation, MasterBrand also submitted a public version of its allegation, including a summary of the redacted content. *Id.* MasterBrand alleged that Skyview had "imported Chinese cabinets subject to the Orders from Rowenda Kitchen . . . that [had] been transshipped from China through Malaysia and to the United States to evade the Orders." *Id.* at 1-2. MasterBrand further alleged that the subject imports had not been manufactured by Rowenda Kitchen, as Skyview claimed, but that Rowenda Kitchen was merely a transshipment facility. *Id.* To support its allegations, MasterBrand provided Customs with trade and shipping data illustrating significant changes in the shipping patterns of merchandise covered by the Orders since Commerce imposed those tariffs. *Id.* at 6. The data showed a decrease in Chinese wooden vanity and cabinet imports of 37% from 2018 to 2019 and 64% from January to July 2020 with a simultaneous increase of 81% from 2018 to 2019 and 164% from January to July 2020 of imports of the subject merchandise from Malaysia to the United States. *Id.* at 6-8, Exs. 6-7. It also showed that there had been a notable increase in the amount of covered merchandise

being shipped from China into Malaysia during the relevant time. *Id.* at 8. To further support its allegation, MasterBrand included bill of lading data from Rowenda Kitchen's imports from 2019-2020, showing that the company had only begun importing wooden vanities and cabinets the same month that Commerce had imposed provisional measures during the dumping investigation. *Id.* at 8, Ex. 3.

Finally, MasterBrand provided data collected by a third-party market researcher who visited the alleged Rowenda Kitchen manufacturing facility in Malaysia. The researcher collected statements from Rowenda Kitchen's owners and employees attesting to the limited capabilities of the facility and describing it as a transshipment operation. *Id.* at 9-10, Ex. 9. Photos of the alleged manufacturing facility included in the researcher's report showed that "there was only minor equipment in the factory, such as tables for holding doors or paint sprayers, but no equipment that indicated that there was manufacturing or significant assembly of cabinets or cabinet parts." *Id.* at 10, Attach. A. Although the photos were redacted as business confidential, the narrative descriptions of what those photos depicted were included in the public version. MasterBrand Allegation at 10, J.A. at 1,163, ECF No. 32 (public version of MasterBrand's allegation providing detailed narrative description of what the redacted photos depict and how they support the allegation of evasion). On October 22, 2020, Customs acknowledged receipt of MasterBrand's "properly filed EAPA allegation," and on November 13, 2020, it initiated an investigation of Skyview under the authority of 19 U.S.C. §1517(b)(1). Initiation Memo at 1-4, J.A. at 80,421-423, ECF No. 33.

On November 24, 2020, Customs sent Skyview a CF-28 Request for Information regarding the subject entries.  CF-28 Req., J.A. at 80,451-454, ECF No. 33.  Skyview responded to that request with documentation regarding the origin of the merchandise in question on December 18, 2020; January 28, 2021; and February 7 and 9, 2021.  Skyview RFI Resp., J.A. at 80,514-529, 80,666-673, 80,694-768, ECF No. 33.  In its responses, Skyview provided Customs with information about and photographs of the alleged Malaysian manufacturer, Rowenda Kitchen.  *Id.*  On February 19, 2021, Customs sent Skyview a Notice of Initiation stating that, "based on a review of available information, CBP has determined that there is reasonable suspicion of evasion" and informing the company that it would be imposing interim measures against it.  Notice of Initiation at 2, J.A. at 80,789, ECF No. 33.  Customs then sent Skyview a request for information related to the agency's country-of-origin analysis on March 15, 2021, to which Skyview responded on April 8, 2021.  Req. for Information (RFI) at 1-4, J.A. at 80,939-953, ECF No. 33; Skyview RFI Resp. at 1-99, J.A. 80,994-81,092, ECF No. 33.  In its response, Skyview stated that its "local contact visited the [Malaysian] manufacturer to verify their capacity" and that "the manufacturer also certified that their products are solely made locally and government officials can produce country of origin for their products."  Skyview RFI Resp. at 3-4, J.A. at 80,996-997, ECF No. 33.

On March 15, Customs sent a request for information to the alleged manufacturer, Rowenda Kitchen, stating that the deadline for a response was March 29, 2021.  Final Determination, J.A. at 81,615, ECF No. 33.  After receiving no

response from Rowenda Kitchen, Customs offered to extend the deadline to April 7,

2021. *Id*. Rowenda Kitchen responded by stating that it had not received the initial

communication, suggesting that it may have gone to its "junk mail" folder. It

requested an additional extension. *Id*. Customs granted the request, extending the

deadline to April 12, 2021. *Id*. Customs then issued a supplemental information

request to Skyview on April 12, 2021. Suppl. RFI, J.A. at 2,250-256, ECF No. 32. In

that request, Customs asked for additional information about Skyview's "local

contact" and verification of that person's visit to the alleged Malaysian manufacturer.

*Id*. at 2,255. Customs also identified numerous questions from the prior request that

Skyview failed to answer and repeated its need for the missing information. *Id*.

Skyview provided a timely response to the supplemental request on April 23, 2021.

Skyview Suppl. RFI Resp. at 1-36, J.A. at 81,407-442, ECF No. 33. However,

Skyview's response again failed to provide the missing requested information. Final

Determination, J.A. at 81,618 n.36, ECF No. 33.

On June 7, 2021, Skyview voluntarily submitted additional information for the

agency's review. Skyview Voluntary Submission, J.A. at 2,504-530, ECF No. 32.

Skyview modified its claims and now presented evidence for the first time that the

subject imports had been manufactured by or in conjunction with a different

company, Roxy Heritage Furniture Manufacturer SDN ("Roxy"). *Id*. at 2,516. Along

with the new documents, Skyview offered the following explanation:

> Skyview has made progress in documenting a complicated
> supply chain of Rowenda Kitchen . . . . Even with the
> extension, there are [*sic*] not sufficient time to complete the
> process. However, Skyview has learned additional

> information pertaining to its relationship with Rowenda as
> provided Kian Hong Ong. The cabinets in question were
> produced in Malaysia in conjunction with Roxy Heritage
> Manufacturer SDN. BHD. as demonstrated in the
> attached.

*Id.* at 2,507.  Meanwhile, despite numerous requests for information and extensions of deadlines, Rowenda Kitchen failed to respond to any of Customs' inquiries or provide any documentation whatsoever.  Final Determination, J.A. at 81,615, ECF No. 33.

On June 24, 2021, MasterBrand submitted comments on Skyview's voluntary submission, arguing that Customs should disregard that evidence and instead "rely on adverse inferences in making a final determination of evasion" because the alleged manufacturer, Rowenda Kitchen, "did not submit a response to CBP's request for information and has refused to participate with the agency in this investigation." MasterBrand Comments at 2, J.A. at 81,515, ECF No. 33.  Skyview then submitted its written case brief, responding to the allegations made by MasterBrand and to Customs' Notice of Initiation.  Skyview Agency Case Br., J.A. at 2,878-904, ECF No. 32.  MasterBrand submitted its case brief on July 1, 2021.  MasterBrand Agency Case Br. at 1, J.A. at 81,555-581, ECF No. 33.  On July 15, 2021, pursuant to 19 C.F.R. § 165.2(b), both parties submitted responses to the other party's arguments.  Skyview Resp. Br., J.A. at 2,907-933, ECF No. 32; MasterBrand Resp. Br., J.A. 2,936-962, ECF No. 32.

On September 16, 2021, CBP published its Final Determination, finding that there was "substantial evidence" supporting the allegations of evasion.  *See* Final

Determination, J.A. at 81,612-626, ECF No. 33.  The Final Determination explained

that "[t]hose changes in general country trade patterns and in the specific shipment

activity of Rowenda Kitchen, and the statements in the affidavit . . . that observed

that company's facilities" coupled with the fact that "none of the Importers provided

the requested production records . . . is applicable in CBP's final determination with

regard to whether substantial evidence exists of evasion."  *Id.* at 81,617.  Customs

explained that "Rowenda Kitchen's failure to cooperate and comply to the best of its

ability to CBP's information requests leads CBP to rely on evidence otherwise on the

record regarding identification of the country of origin of merchandise Rowenda

Kitchen shipped to the Importers."  *Id.*  In its analysis of the evidence offered by

Skyview, Customs found that "the existence of various discrepancies and omissions

with respect to the RFI responses . . . also call into question the accuracy of

information provided[.]"  Final Determination, J.A. at 81,618, ECF No. 33.

Customs specified the discrepancies that the agency observed in Skyview's

submissions in a related footnote.  *Id.* at n.36.  First, Customs recalled that Skyview's

initial response claimed that the company had sent a "local contact" to visit the

manufacturer in order to "verify their capacity" and review their "manpower,

machines, and raw material[s]."  Skyview RFI Resp. at 3-4, J.A. 80,996-997, ECF No.

33.  However, when Customs requested evidence of the alleged visit in its

supplemental questionnaire, Skyview "only provided documentation that appears to

refer to airline itineraries, none of which even mention Rowenda Kitchen or its

specific location, let alone its operations."  Final Determination, J.A. at 81,618 n.36,

ECF No. 33; *see* Skyview Suppl. RFI Resp. at Attach. 1, J.A. 81,409-413, ECF No. 33.

Second, Customs highlighted that, in its initial March 15, 2021 request, it had asked

Skyview for various accounting documents and records from 2019 and 2020; Skyview

ignored that request. Final Determination, J.A. at 81,618 n.36, ECF No. 33. When

Customs repeated its records request on April 12, 2021, Skyview offered

documentation that was "unresponsive to CBP's request[,]" including an unsigned tax

return that was unverifiable. Final Determination, J.A. at 81,618-619 n.36, ECF No.

33; *see* Skyview Suppl. RFI Resp. at Attach. 4, J.A. at 81,431-434, ECF No. 33.

Finally, Customs noted that, in its initial response, Skyview also failed to provide a

requested purchase order and, after subsequent requests, sent what "appears to be a

spreadsheet" including only "two columns of data for which Skyview provided no

explanation." Final Determination, J.A. at 81,619 n.36, ECF No. 33; *see* Skyview

Suppl. RFI Resp. at Attach. 6, J.A. 81,435-436, ECF No. 33. Although the agency

observed that "it might be appropriate to apply adverse inferences to Skyview given

the potentially fraudulent 'certifications' submitted by its counsel," it stated that

"CBP is not making an adverse inference against Skyview in this case." Final

Determination, J.A. at 81,624, ECF No. 33. Instead, CBP chose to apply adverse

inferences solely against the unresponsive alleged manufacturer, Rowenda Kitchen.

*Id.*

    Skyview made a timely request for administrative review of the Final

Determination. *See* 19 U.S.C. § 1517(f)(1); 19 C.F.R. §165.41(a); Skyview Req. for

Admin. Rev. at 1, J.A. at 2,994, ECF No. 32. In its request, Skyview argued that the

Final Determination should be reversed because (1) Skyview had provided adequate evidence to support its claim that the imported merchandise had been manufactured in Malaysia but that "CBP disregarded evidence that Skyview submitted throughout the EAPA investigation"; (2) the application of adverse inferences against Skyview was unlawful; and (3) any outstanding questions regarding the country-of-origin analysis should have been referred to Commerce.  Skyview Req. for Admin. Rev. at 3-4, J.A at 3,002-003, ECF No. 32.  MasterBrand submitted its response on November 16, 2021, arguing that the Final Determination was in compliance with the statute and should therefore be affirmed.  MasterBrand Resp. to Req. for Admin. Rev. at 1-25, J.A. at 81,628-659, ECF No. 33.  On January 28, 2022, Customs' Office of Rules and Regulations affirmed the Final Determination based on its determination that "the evidence of evasion here is cumulative and substantial" and "Skyview failed to provide adequate and reliable evidence that the WCV it imported into the United States were manufactured in Malaysia."  Admin. Rev. at 8, J.A. at 3,078, ECF No. 32.

Skyview timely filed the present action on March 10, 2022, challenging Customs' affirmative Final Determination of evasion and the administrative review affirming that determination.  *See* Compl. ¶¶ 26-75, ECF No. 2.  In its brief before this Court, Skyview alleged that Customs failed to support its Final Determination with substantial evidence, unlawfully applied an adverse inference against it, failed to confer with Commerce in its country-of-origin analysis, unlawfully shifted the burden of proof onto Skyview, violated Skyview's due process rights, and permitted prohibited hearsay evidence onto the record.  Pl.'s Br. at 11-37, ECF No. 30.  The

Government submitted its response brief on October 2, 2022; and Defendant-Intervenor MasterBrand submitted a response brief in support of Customs' final determination on October 5, 2022. Def. Resp. Br., ECF No. 25; Def. Int. Resp. Br., ECF No. 27.

The Court held oral argument on March 30, 2023. ECF No. 39. In particular, the Court asked what factors Customs must consider in deciding whether and how to verify record evidence and what factors the agency considered in this case when making that determination. Oral Arg. Tr. at 19:6-25–20:1-4, ECF No. 40. Counsel for Skyview conceded that his client does not dispute the accuracy of the aggregate data MasterBrand proffered and on which Customs relied in its analysis. *Id.* 42:23-25–43:1-10. Skyview also agreed that the merchandise in question would be in scope if manufactured in China, leaving the only contested issue whether the goods were of Chinese or Malaysian origin. *Id.* at 43:11-19. Counsel finally confirmed that Skyview's "local contact" who had been sent to visit the Malaysian manufacturing facility provided no work product supporting the claim that the facility manufactured the merchandise in question. *Id.* at 52:3-25–53:1-13.

## JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction pursuant to 19 U.S.C. § 1517(g) and 28 U.S.C. § 1581(c). Under the Enforce and Protect Act, the reviewing court must examine Customs' final determination, *see* 19 U.S.C. § 1517(c), and administrative review, *see id*. § 1517(f). *Id.* § 1517(g) (providing for court review of both determinations). In its review of Customs' determinations, the Court examines "whether any determination,

finding, or conclusion is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* § 1517(g)(1)-(2). Agency action constitutes an abuse of discretion "where the decision is based on an erroneous interpretation of the law, on factual findings that are not supported by substantial evidence, or represents an unreasonable judgment in weighing relevant factors." *Star Fruits S.N.C. v. United States*, 393 F.3d 1277, 1281 (Fed. Cir. 2005). Where the agency "offers insufficient reasons for treating similar situations differently," such actions are arbitrary. *SKF USA Inc. v. United States*, 263 F.3d 1369, 1382 (Fed. Cir. 2001) (quoting *Transactive Corp. v. United States*, 91 F.3d 232, 237 (D.C. Cir. 1996)).

In reviewing agency action, it is "the duty of the courts to determine in the final analysis and in the exercise of their independent judgment, whether on the whole record the evidence in a given instance is sufficiently substantial to support a finding, conclusion, or other agency action as a matter of law." *Nippon Steel Corp. v. United States*, 458 F.3d 1345, 1351-52 (Fed. Cir. 2006) (citations omitted). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (citations omitted).

## DISCUSSION

### I.    Summary

Plaintiff contends that numerous errors in Customs' investigation were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law," requiring this Court to remand the agency's determination. Pl.'s Br. at 1-2, ECF

No. 30.  Plaintiff alleges the following errors:  (1) Customs failed to support its finding

that the subject imports were "covered merchandise" at the time of entry; (2) Customs

unlawfully applied adverse inferences against Skyview; (3) Customs failed to confer

with Commerce in making its country-of-origin assessment, contrary to its statutory

obligation to do so; (4) Customs unlawfully shifted the burden of proof onto Skyview;

(5) Customs violated Skyview's due process rights by not giving Skyview access to

certain confidential information; and (6) Customs unlawfully considered hearsay.  *Id.*

The Court considers each of these arguments in turn.

Based on an assessment of both Customs' Final Determination of Evasion and

its Administrative Review, the Court finds that Plaintiff's complaints are without

merit.    Contrary  to  Skyview's  contentions,  Customs  thoroughly  reviewed  and

discussed the evidence submitted by the parties; and substantial evidence supports

its conclusions. *See* Final Determination, J.A. at 81,616-617, ECF No. 33; Admin. Rev.

at 8-15, J.A. at 3,078-085, ECF No. 32.  Despite numerous agency requests for

information, Skyview failed to provide support for its claim that the imported

merchandise was manufactured in Malaysia.  Final Determination, J.A. at 81,618

n.36, ECF No. 33.  The gap left by this failure, combined with the adverse inference

drawn against the alleged manufacturer Rowenda Kitchen for its refusal to provide

any of the requested information, led Customs to conclude that the record as a whole

supported the allegation of evasion.  *Id*.  Although Customs redacted the adverse

photos and videos of Rowenda Kitchen's Malaysia facility as business confidential

information, Skyview was on notice that it needed to provide evidence that actual

manufacturing occurred in Malaysia; and Skyview had numerous opportunities to present contrary evidence refuting the allegation. *Id.* Furthermore, in its briefs before the agency and this Court, Skyview does not challenge the accuracy of the aggregate statistical evidence suggesting a pattern of transshipment following the imposition of duties on Chinese cabinets. *See* Pl.'s Br., ECF No. 30 (containing no challenge to the accuracy of evidence against it); *see also* Admin. Rev. at 10, J.A. at 3,080, ECF No. 32 (observing that Skyview placed no challenge to the accuracy of the evidence of evasion onto the record). Skyview's repeated failure to demonstrate that any actual manufacturing occurred in Malaysia combined with the evidence submitted by MasterBrand led to Customs' evasion finding. *See* Final Determination, J.A. 81,612-626, ECF No. 33; Admin. Rev. at 9, J.A. at 3,079, ECF No. 32 ("CBP found, based upon direct and circumstantial evidence in the administrative record, that neither Rowenda nor any company in Malaysia had the capacity to produce the WCV.").

## II. Legal Framework Under EAPA

EAPA calls upon Customs to investigate allegations of evasion. The statute defines evasion as:

> [E]ntering covered merchandise into the customs territory of the United States by means of any document or electronically transmitted data or information, written or oral statement, or act that is material and false, or any omission that is material, and that results in any cash deposit or other security or any amount of applicable antidumping or countervailing duties being reduced or not being applied with respect to the merchandise.

19 U.S.C. § 1517(a)(5)(A).  "Covered merchandise" is any imported merchandise that is subject to an antidumping or countervailing duty order.  *Id.* § 1517(a)(3)(A)-(B). Transshipment — where goods are manufactured in one country and imported through an intermediary country to evade duties imposed on goods originating from the manufacturing country — is one example of evasion under EAPA.  *See CEK Grp. LLC v. United States*, No. 22-00082, 2023 CIT LEXIS 69, at *10 (CIT May 2, 2023) (discussing a transshipment operation as evidence of evasion under EAPA).

Allegations of evasion may be filed with Customs by any interested party (as defined by the statute) and are to be "accompanied by information reasonably available to the party that filed the allegation."  19 U.S.C. § 1517(b)(2)(B).  Once an allegation of evasion has been submitted, Customs must conduct an investigation within fifteen days if it finds that the allegation and accompanying information "reasonably suggest[] that covered merchandise" has been brought into the United States through evasion.  *Id.* § 1517(b)(1).  If Customs receives an allegation of evasion and it is unable to determine whether the questioned merchandise is within the scope of the relevant order, the agency will refer the question to the Commerce Department for a final determination of that issue.  *Id.* at § 1517 (b)(4)(A); 19 C.F.R. § 165.16.

Customs issues a final determination as to whether evasion has occurred "based on substantial evidence" within three hundred days of the investigation's initiation.  19 U.S.C. § 1517(c).  Within thirty business days of Customs' determination, a party found to have entered covered merchandise through evasion,

or any interested party that filed an allegation, may file an appeal for a *de novo* administrative review. 19 U.S.C. § 1517(f).

### III. Substantial Evidence Determination

Skyview claims that substantial evidence does not support Customs' finding that the subject imports constitute "covered merchandise." Pl.'s Reply Br. at 1-6, ECF No. 31. It alleges that "CBP clearly did not consider 'relevant facts and observations'" but rather "simply believed that it 'was confronted with evidence of basic transshipments[.]'" *Id.* at 1-2 (quoting Admin. Rev. at 8, J.A. at 3,078, ECF No. 32). Furthermore, Skyview asserts that any discrepancies in the record that did exist were reasonably explainable and thus not fatal to its position. *Id.* at 3-6. The Government argues that the Final Determination should be affirmed because "[t]he information Skyview provided failed to overcome the substantial evidence demonstrating evasion, and thus CBP reasonably concluded that the covered merchandise entered the United States through evasion[.]" Def.'s Resp. Br. at 17, ECF No. 25.

Skyview misinterprets the substantial evidence standard and what it requires. Namely, Skyview ignores that the "possibility of drawing two inconsistent conclusions from the evidence does not preclude the agency's finding from being supported by substantial evidence." *Jacobi Carbons AB v. United States*, 222 F. Supp. 3d 1159, 1168 (CIT 2017) (citations omitted). Here, Customs acted within its discretion to determine which of the parties' claims was more compelling based on an assessment of whose evidence was more credible and reliable. Customs' finding that Skyview's evidence was replete with contradictions, omissions, and inconsistencies is

a valid basis on which to determine that its submissions were not credible and that the record as a whole supported the allegations against it. Final Determination, J.A. at 81,618 n.36, ECF No. 33 (identifying each piece of evidence that was missing or inconsistent in each of Skyview's submissions). A determination where the agency "favor[s] one conclusion over the other is the epitome of a decision that must be sustained upon review for substantial evidence." *Elbit Sys. of Am., LLC v. Thales Visionix, Inc.*, 881 F.3d 1354, 1356 (Fed. Cir. 2018) (quoting *In re Cree, Inc.*, 818 F.3d 694, 701 (Fed. Cir. 2016)).

As Customs observed in its Administrative Review, "Skyview does not dispute the accuracy" of the evidence submitted by MasterBrand and "makes no arguments to refute the statements of transshipment declared by the third-party investigator." Admin. Rev. at 10, J.A. at 3,080, ECF No. 32. At oral argument, Plaintiff's counsel confirmed that Skyview did not dispute the accuracy or truthfulness of the aggregate statistical data — critical pieces of evidence that Customs found compelling in its investigation. Oral Argument Tr. at 41:14-25–43:1-10, ECF No. 40 (responding "The aggregate data, it is what it is . . . ." to the Court's summary of the data before the agency). Instead, Plaintiff simply alleges, without specific examples, that the agency's determination was unsupported. *See* Pl.'s Reply Br. at 2-3, ECF No. 31.

Skyview's claims that Customs failed to investigate the discrepancies that it found and that the discrepancies that did exist were minor are equally without merit. *See* Pl.'s Br. at 15, ECF No. 30. Customs specifically identified the discrepancies and omissions that it deemed fatal to the Plaintiff's case and explained what gaps

Skyview's evidence left in substantiating its arguments. *See* Final Determination, J.A. at 81,624, ECF No. 33; Admin. Rev. at 8, J.A. at 3,078, ECF No. 32. In the Final Determination, Customs stated that Skyview's responses "do not contain production information demonstrating that the WCV that . . . Skyview imported from Rowenda Kitchen was produced in Malaysia" and that "the existence of various discrepancies and omissions with respect to the RFI responses . . . also call into question the accuracy of information provided[.]" Final Determination, J.A. at 81,618, ECF No. 33. Customs then included a footnote that detailed three of the "discrepancies and omissions" that appeared in Skyview's initial submission and that Skyview failed to rectify despite subsequent requests by the agency. *Id.* at n.36 (citing Skyview's failure to provide additional information about its "local contact" who had allegedly visited the Malaysian manufacturer, its failure to provide requested accounting records from 2019 and 2020, and its failure to provide a specific purchasing order requested by Customs).

In the Administrative Review, Customs also discussed the issues it found in Skyview's RFI responses. Customs stated that it "find[s] that the June 7th Submission is inadequate to substantiate Skyview's claim of Malaysian-origin WCV" because "the documents fail to rise to the level of production documents needed to substantiate Skyview's claim that the actual production of its WCV occurred in Malaysia." Admin. Rev. at 11, 12-13, J.A. at 3, 081 3,082-083, ECF No. 32. In short, the agency concluded that "[t]here is nothing to indicate that the WCV at issue were produced with the materials and parts included in the various provided invoices, and

the documentation does not confirm the country of origin of the WCV as being Malaysian." *Id.* at 13. As to the evidence supporting evasion, the agency was equally thorough in its analysis. In the Final Determination as well as the Administrative Review, Customs identified with specificity the evidence that it found compelling, including the aggregate data, the company-specific shipping data, and the photographs and testimony provided by the investigator. Final Determination, J.A. at 81,616-617, ECF No. 33; Admin. Rev. at 9-10, J.A. at 3,079-080, ECF No. 32. Skyview does not challenge the accuracy or truthfulness of the aggregate data, as Plaintiff's counsel confirmed before the Court at oral argument. *See* Oral Arg. Tr. at 43:1-10, ECF No. 40.

Skyview's claim that Customs failed to investigate the errors and omissions in Skyview's evidence misconstrues the agency's role, which is to perform an investigation by collecting evidence from the parties and assessing the validity of the evidence it receives. *See* 19 U.S.C. § 1517(b). Although the statute empowers the agency to verify that information, it does not mandate verification in all cases. *Id.* § 1517(c)(2)(B) ("[T]he Commissioner *may* collect such additional information as is necessary to make the determination through such methods as the Commissioner considers appropriate, including by . . . conducting verifications, including on-site verifications, of any relevant information.") (emphasis added). Customs carried out its statutory duty to investigate the allegation of evasion by soliciting information from the parties, issuing supplemental questionnaires to clarify apparent errors and omissions in the evidence, and assessing the record as a whole to make an informed

determination as to the credibility of the parties' claims.  *See generally* Final
Determination, J.A. at 81,612-626, ECF No. 33.  After numerous attempts to gather
the necessary information from Skyview and the alleged manufacturers led to
inadequate and contradictory responses, Customs determined that verification would
not be necessary or appropriate in this investigation.  An agency decision such as
whether to perform verification is arbitrary and capricious where the agency "relie[s]
on factors which Congress had not intended it to consider, entirely fail[s] to consider
an important aspect of the problem, offer[s] an explanation for its decision that runs
counter to the evidence before the agency, or is so implausible that it could not be
ascribed to a difference in view or the product of agency expertise."  *Nat'l Ass'n of
Home Builders v. Defenders of Wildlife*, 551 U.S. 644, 658 (2007) (quoting *Motor
Vehicle Mfrs. Ass'n of the United States, Inc. v. State Farm Mut. Automobile Ins. Co.*,
463, U.S. 29, 43 (1983)).  Here, Customs made a specific finding that "there was no
need to consider verification" of the evidence because the agency had determined that
Skyview's submission was "unreliable and therefore, not probative."   Final
Determination, J.A. at 81,625, ECF No. 33.  Where a party's submitted evidence is
substantially incomplete or discredits itself, failing to "verify" that evidence is not an
abuse of the agency's discretion.

      Skyview further argues that the evidence it presented should outweigh the
evidence against it.  However, under the substantial evidence standard, "[i]t is not
for this court on appeal to reweigh the evidence or to reconsider questions of fact
anew." *Trent Tube Div., Crucible Materials Corp. v. Avesta Sandvik Tube*, 975 F.2d

Case 23-2081, Document 46, Filed 08/06/2023, Page 87 of 103
Case 1:22-cv-00080-SAV   Document 42   Filed 07/28/2023   Page 21 of 35

Court No. 1:22-cv-00080                                                    Page 21

807, 815 (Fed. Cir. 1992); *see also Motor Vehicle Mfrs. Ass'n,* 463 U.S. at 43 (discussing the arbitrary and capricious standard and what it requires of the agency); *Downhole Pipe & Equip., L.P. v. United States,* 776 F.3d 1369, 1376 (Fed. Cir. 2015) ("While Appellants invite this court to reweigh this evidence, this court may not do so."). Customs has satisfied its mandate, and substantial evidence supports its evasion determination.

## IV.  Application of Adverse Inferences

EAPA permits Customs to "use an inference that is adverse to the interests of" a party or person who has "failed to cooperate by not acting to the best of the party or person's ability to comply with a request for information[.]"  19 U.S.C. § 1517(c)(3). Skyview contends that Customs' application of adverse inferences against it was arbitrary and capricious because Rowenda Kitchen's failure to respond to Customs' information requests does not permit the agency to apply adverse inferences against Skyview.  Pl.'s Reply Br. at 6-7, ECF No. 31.  Skyview asserts that it cooperated with the investigation to the best of its ability and had no power to induce Rowenda Kitchen to cooperate.  *Id.* at 7.  The Government retorts that Customs did not apply adverse inferences against Skyview but instead applied those inferences solely against Rowenda Kitchen.  Def.'s Resp. Br. at 17-19, ECF No. 25;  Final Determination, J.A. at 81,618, 81,624, ECF No. 33.  Customs granted Rowenda "three extensions to the deadline for response and warned that [it] may apply adverse inferences if the company does not respond."  Def.'s Resp. Br. at 18-19, ECF No. 25. Nonetheless, Rowenda Kitchen "flatly refused to cooperate[.]"  *Id.*  Any collateral

consequences the decision to draw an adverse inference against Rowenda Kitchen
had on Skyview were permissible under the statute. *Id.* at 19-20 (citing *Mueller
Commercial de Mexico S. de R.L. de C.V. v. United States*, 753 F.3d 1227, 1233-36
(Fed. Cir. 2014)).

First, Customs drew no adverse inferences against Skyview. It only drew an
adverse inference against Rowenda Kitchen for its failure to respond to multiple
requests for information. Final Determination, J.A. at 81,618, ECF No. 33 ("The
claimed manufacturer, Rowenda Kitchen, did not provide an RFI response, despite
being given multiple opportunities to do so . . . . There is no basis for concluding that
Rowenda Kitchen was unable to provide a response to its RFI, and application of
adverse inference to that party is appropriate."); *see also* Final Determination, J.A.
81,624, ECF No. 33 ("CBP is not making an adverse inference against Skyview in this
case."). Any contrary claim by Skyview is mistaken. *Cf.* Pl.'s Br. at 20, ECF No. 30
("CBP Unlawfully Applied Adverse Inferences Against Skyview").

Second, as to the application of adverse inferences against Rowenda, the
statute offers clear instruction. Customs may draw adverse inferences against a
party that "has failed to cooperate by not acting to the best of the party or person's
ability to comply with a request for information[.]" 19 U.S.C. § 1517(c)(3)(A). Eligible
parties against whom an adverse inference may be drawn include "a person that is a
foreign producer or exporter . . . of covered merchandise" such as Rowenda Kitchen.
*Id.* § 1517(c)(2)(A)(iii). In its Final Determination, Customs explained that it was
drawing an adverse inference in selecting from facts otherwise available for its

country-of-origin analysis to fill the gaps that Rowenda Kitchen's repeated refusal to

cooperate created:

> The claimed manufacturer, Rowenda Kitchen, did not provide an RFI response, despite being given multiple opportunities to do so. The RFI issued to Rowenda Kitchen requested significant information relating to its production and sale activities, including transactions related to the Importers. There is no basis for concluding that Rowenda Kitchen was unable to provide a response to its RFI, and application of adverse inference to that party is appropriate.

Final Determination, J.A. at 81,618, ECF No. 33. Although Skyview argues that it

suffered collateral consequences because of Customs' drawing an adverse inference

against Rowenda Kitchen, Skyview's citation to cases in the antidumping context

governing when a cooperating party may nonetheless have an adverse inference

drawn against *it* for *another party's* failure to cooperate misses the mark. *Compare*

Pl.'s Br. at 22, ECF No. 30 (citing caselaw to support Plaintiff's argument that adverse

inferences cannot be applied against a cooperating party except in the specific

instance where there is substantial evidence that the cooperating party has leverage

to induce cooperation from the non-cooperating party), *with Mueller*, 753 F.3d at 1236

("[W]e do not bar Commerce from drawing adverse inferences against a non-

cooperating party that have collateral consequences for a cooperating party. Where

an adverse inference is used to calculate the rate of a non-cooperating party that rate

may sometimes be used in calculating the rate of a cooperating party and thus have

collateral consequences for the cooperating party.") The discussion of what must be

shown in order to apply adverse inferences against a cooperating party because of its

non-cooperating compatriots is irrelevant where the agency applied an adverse inference against the non-cooperating party. *See* Final Determination, J.A. at 81,618, ECF No. 33; Admin. Rev. at 7, J.A. at 3,077, ECF No. 32. Indeed, the statute permits Customs to draw an adverse inference against a non-cooperating party "without regard to whether another person involved in the same transaction or transactions under examination has provided the information sought." 19 U.S.C. § 1517(c)(3)(B). Skyview does not point to specific information on the record that *it* provided that might lessen any collateral consequences to *Skyview* of Customs' decision to draw an adverse inference against Rowenda. Consequently, Skyview has pointed to no reason to disturb Customs' decision to draw an adverse inference against Rowenda Kitchen based on Rowenda Kitchen's failure to cooperate with the investigation.

## V. Failure to Confer with Commerce

EAPA requires Customs to investigate whether covered merchandise has entered into the United States through evasion, which the agency does by assessing the evidence it receives from interested parties regarding the merchandise's country of origin. 19 U.S.C. § 1517(c)(1)(A); 19 C.F.R. § 165.27(a). Skyview claims that, because there are allegedly conflicting facts regarding the country of origin of the subject merchandise entered into the record, the statute required Customs to refer the matter to Commerce for consultation. Pl.'s Br. at 25, ECF No. 30; Pl.'s Reply Br. at 7-8, ECF No. 31. Customs' failure to confer with Commerce, according to Skyview, makes its determination "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Pl.'s Br. at 25, ECF No. 30. In response, the Government

observes that Skyview misinterprets the statute, which is meant to apply only where the question that Customs is unable to answer pertains to the scope of the orders. Def.'s Resp. Br. at 20, ECF No. 25. In other words, the Government posits that the statute instructs Customs to confer with Commerce only in the specific situation where it is "unable to determine whether the imported merchandise is the type of merchandise covered by the scope of the order at issue." *Id.* To adopt Skyview's much broader interpretation would, according to the Government, "essentially strip CBP of its authority to investigate evasion of AD/CVD duties because any such finding would be immediately transferred to Commerce." *Id.* The Government also argues that the statute authorizes Customs to determine whether imported merchandise is "covered merchandise" — an essential component of the investigatory duties assigned to Customs — and only when that determination *cannot* be made is Customs instructed to confer with Commerce. *Id.* at 21. Finally, the Government contends that there is no question here as to whether the merchandise at issue was "covered merchandise" so that the provision of the statute discussing how Customs must resolve a contested question is irrelevant. *Id.*

The language of the statute is clear: Customs "shall . . . refer the matter to [Commerce] to determine whether the merchandise is covered merchandise" when Customs "is unable to determine whether the merchandise at issue is covered merchandise." 19 U.S.C. § 1517(b)(4)(A)(i). Thus, only when there is a dispute about whether the merchandise is the *type* of merchandise that would be subject to an

antidumping or countervailing duty order must Customs refer the dispute to

Commerce for determination. *Id.*

Here, there is no dispute about whether the wooden vanities and cabinets at

issue are of the type that would be subject to the antidumping and countervailing

duty orders. At issue in the investigation is only the country of origin for the

merchandise in question. If the cabinets and vanities originate from China, the

Orders apply; if they originate from Malaysia, the Orders do not. The statute

delegates the determination of the country of origin to Customs. *See* 19 U.S.C. §

1517(c)(1)(A); 19 C.F.R. §165.27(a) (both providing that Customs "shall make a

determination . . . with respect to whether such covered merchandise was entered

into the customs territory of the United States through evasion"). As Customs

explained in its Administrative Review:

> Here, there is no dispute that if Chinese-manufactured
> WCV were shipped directly from China to the United
> States, the WCV would fall under the AD/CVD orders.
> There is also no dispute that Skyview's entries were
> entered as classified under subheading number,
> 9403.40.9060, HTSUS, and, again, if of Chinese origin, are
> within the scope of the AD/CVD Orders. The only fact in
> contention is whether the WCV at issue are in fact of
> Chinese origin.

Admin. Rev. at 7-8, J.A. at 3,077-78, ECF No. 32.

Plaintiff's counsel conceded this point at oral argument, agreeing that the

wooden cabinets and vanities imported by Skyview would be within the scope of the

Orders if found to have originated from China. Oral Arg. Tr. at 43:11-19, ECF No. 40

(responding "We do not dispute that" to the question of whether, if the goods had been

purchased from China, "they would be subject to the anti-dumping order and within scope"). Because there is no dispute about whether the wooden cabinets and vanities Skyview imported are of the type covered by the Orders, there was no dispute over the Orders' scope that should have been referred to Commerce. *See* 19 U.S.C. § 1517(b)(4)(A) (requiring a dispute over whether the merchandise is covered by an order). The statutory provisions regarding referral are thus irrelevant, and Skyview's arguments that Customs abused its discretion by not seeking Commerce's guidance are meritless.

## VI. Burden Shifting

EAPA provides that Customs "may collect such additional information as is necessary to make the determination" by "conducting verifications, including on-site verifications, of any relevant information." 19 U.S.C. § 1517(c)(2); *see also* 19 C.F.R. § 165.25(a) ("Prior to making a determination . . . CBP may in its discretion verify information . . . as is necessary to make its determination."). Skyview argues that Customs' determination must be reversed because, under the statute, the agency "was required to verify the facts presented by both Skyview and Masterbrand" but that "[t]he record is absent of CBP doing anything beyond the beginning phase of the EAPA action." Pl.'s Reply Br. at 9, ECF No. 31. Skyview argues that, by failing to verify the submitted information, Customs unlawfully shifted the burden onto Skyview, requiring it to disprove the allegations made against it. Pl.'s Br. at 30, ECF No. 30. The Government responds that Skyview has misconstrued the statute. Def.'s Br. at 21-22, ECF No. 25. It is the respondent that bears the burden of establishing

its right to any reduced duty and that requiring "the Government to affirmatively prove the origin of material before assigning duties would both frustrate the statutory directive and incentivize respondents to withhold information." *Id.* at 22. Further, the Government argues that "verification" does not require Customs to "[conduct] an independent search based upon a party's unsupported assertions" but rather "is a process to confirm information it has already received." *Id.* at 23. Ultimately, the Government argues that Customs was within its authority to determine that the information it received from Skyview was not credible and to decline to conduct any further investigation or verification on the company's behalf. *Id.*

After receiving a plausible allegation of evasion of customs duties, Customs "shall initiate an investigation" and make a determination based on "substantial evidence." *See* 19 U.S.C. §§ 1517(b)(1), (c)(1)(A). The substantial evidence standard requires the agency to consider the record as a whole, including "whatever in the record fairly detracts from its weight[,]" and render a decision based on "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 477-488 (1951); *Nippon Steel*, 458 F.3d at 1351; *DuPont Teijin Films USA v. United States*, 407 F.3d 1211, 1215 (Fed. Cir. 2005). Where the record would support more than one conclusion by substantial evidence, the agency's choice between the options governs. *See Universal Camera Corp.*, 340 U.S. at 488 (holding that a court cannot "displace the [agency's] choice between two fairly conflicting views").

Customs' regulations implementing the statute define the administrative record, permit Customs to obtain additional information by issuing requests for information, and allow parties to voluntarily submit information for the agency's consideration. 19 C.F.R. §§ 165.21, 165.23. It is from this record — built largely by the parties themselves — that Customs makes its determination regarding whether evasion has occurred. Here, Customs did not shift the burden onto Skyview by requiring Skyview to "disprove" the allegations. Rather, after reviewing all the evidence offered by the parties and making numerous attempts to build a more complete record by soliciting additional, missing information from Skyview, Customs found that substantial evidence supported the evasion allegations. *See* Final Determination, J.A. at 81,617, ECF No. 33 (stating that the general shipping patterns of covered merchandise between China, Malaysia, and the United States; the specific shipping data from Rowenda Kitchen; and the affidavits are "applicable in CBP's final determination with regard to whether substantial evidence exists of evasion by the Importers.").

Regarding Plaintiff's claim that Customs was required but failed to perform a verification of the evidence it provided, the Court agrees with the Government's interpretation of Customs' duty. As discussed above, under 19 C.F.R. § 165.25(a), "CBP *may in its discretion* verify information in the United States or foreign countries collected under § 165.23 as is necessary to make its determination" (emphasis added); but where the agency has determined that the evidence is not credible or is otherwise lacking, it is not required to conduct verification. In this case, the agency stated in

the Final Determination that there was "no need to consider verification of the

information" because it had already determined that the submissions were

"unreliable and therefore, not probative." Final Determination, J.A. at 81,625, ECF

No. 33. Specifically, the agency explained that "the onus is on Skyview, as the

importer, to investigate and know the full production chain of its imports and to

provide CBP with accurate information." Admin. Rev. at 13, J.A. at 3,083, ECF No.

32. Having failed to provide such information, the agency reasonably determined

that there was nothing to verify. *Id.* Customs' decision not to verify did not have the

effect of shifting any evidentiary burdens. The substantial evidence standard

continued to govern. *See id.* at 9 (explaining that the final affirmative determination

was supported by the absence of a "dispute as to whether the WCV are in scope

merchandise, if of Chinese origin" and that "CBP found, based upon direct and

circumstantial evidence in the administrative record, that neither Rowenda nor any

company in Malaysia had the capacity to produce the WCV.").

## VII. Due Process

Skyview raises a constitutional challenge under the Due Process Clause to the

procedures Customs employed in this investigation. Plaintiff takes issue with

Customs' reliance on photographs and videos[1] of the alleged manufacturer's facility

---

[1] Although the Court will analyze Skyview's claims regarding the photos and videos, Skyview has likely forfeited its claim regarding the videos. It did not raise any constitutional claim regarding the video evidence before the agency and made but a bare mention of the videos in the due process section of its brief to the Court. *Compare* Oral Arg. Tr. at 73:10-13 (pointing to the bottom two sentences on page 33 of Skyview's opening brief), *with* Pl.'s Br. at 33 ("It is worth noting that videos in the Administrative Record also differ from the investigator's depiction of the manufacturing location.").

while redacting them from its view as "business confidential." Pl.'s Br. at 33-34, ECF
No. 30. Without having access to those photos and videos before filing suit at the
Court of International Trade, Skyview claims that "CBP deprived Skyview of the
opportunity to review, evaluate, and comment on business confidential data and,
consequently, a fair opportunity to defend itself." *Id*. at 34. In its brief, the
Government argues that Customs met its requirement to provide the plaintiff with
"notice and a meaningful opportunity to be heard" but "that right does not entitle an
importer to all information upon which CBP makes its determination." Def.'s Resp.
Br. at 24, ECF No. 25. The Government points to 19 C.F.R. § 165.4 and the
accompanying notes, which outline how such materials are to be treated throughout
the course of an EAPA investigation. *Id*. at 25. That provision, according to the
Government, describes a balance of interests whereby the confidentiality of the
submitting party is protected while the party against whom the documents are being
used is given access to a public version of the materials, including summaries of the
"confidential" information. *Id*. The Government contends that Customs properly
executed this balance because "Skyview was on notice as to what information CBP
would require for its investigation, and the type of evidence it was reviewing, and
thus had plenty of opportunity to submit its own evidence." *Id*. at 26.

Due process guarantees parties a "right to notice and a meaningful opportunity
to be heard." *PSC VSMPO-Avisma Corp. v. United States*, 688 F.3d 751, 761-62 (Fed.
Cir. 2012) (quoting *LaChance v. Erikson*, 522 U.S. 262, 266 (1998)). As the Supreme
Court has instructed, "the due process clause forbids an agency to use evidence in a

way that forecloses an opportunity to offer a contrary presentation." *Bowman Transp., Inc. v. Arkansas-Best Freight System, Inc.*, 419 U.S. 281, 288 n.4 (1974) (citing *Ohio Bell Telephone Co. v. Public Utilities Comm'n*, 301 U.S. 292 (1937) and *United States v. Abilene & S.R. Co.*, 265 U.S. 274 (1924)).   Thus, one way to substantiate a claim that an agency has violated a party's due process rights is to demonstrate that agency action has inhibited a party's ability to present its case or to respond to evidence being used against it.   In the narrow confines of Plaintiff's specific claims in this case, it has failed to make such a showing.

Customs provided summaries of the confidential evidence.   Although Customs redacted the photos and videos as confidential business information, the narrative form of the allegations describes their content with enough specificity that Plaintiff was put on notice and able to offer counterevidence.   MasterBrand Allegation at 10-11, J.A. at 1,163-164, ECF No. 32; Notice of Initiation at 2-4, J.A. at 1,423-424, ECF No. 32.   Plaintiff does not dispute that it was aware that the question of whether any manufacturing occurred in Malaysia was the key question before Customs.   Oral Arg. Tr. at 65:7-18 (asking Skyview's counsel whether lack of information on the contents of the photos and video prevented Skyview's agent from making photos and videos of its own and hearing no dispute); *see also* Final Determination, J.A. at 81,625 n.67, ECF No. 33 (discussing Skyview's failure to provide any evidence of manufacturing in Malaysia).   In the unique context of photos and videos, nothing Customs did prevented Skyview from submitting photos and videos of any facility in Malaysia that Plaintiff claimed manufactured the merchandise in question.   Skyview was free to

begin outside the alleged manufacturing facility and create a video walkthrough demonstrating actual manufacturing of wooden cabinets and vanities. Such evidence would have refuted MasterBrand's claims of transshipment. Indeed, Skyview claims to have sent a person to Malaysia for this purpose. Oral Arg. Tr. at 51:9-16, ECF No. 40. Yet, despite taking advantage of the ability to procure such evidence, the unidentified agent who allegedly traveled to Malaysia on Skyview's behalf provided no photos, videos, or other evidence to demonstrate what he observed at the facility. *Id.* at 52:3-25–53:1-13. The only photos that Skyview did submit of the Malaysian facility were piecemeal and apparently originated from the otherwise unresponsive party, Rowenda Kitchen. *Id.* at 51:21-25. Having had adequate notice of what type of evidence was necessary to refute the claims MasterBrand made, Skyview sought to procure such evidence and came up short. Due process requires notice and an opportunity to be heard by providing evidence at a meaningful point in the proceedings. *See PSC VSMPO-Avisma Corp.*, 688 F.3d at 761-62 (finding that, where a party was aware of the evidence that might be used against it and had "the opportunity to put forth evidence" to support an alternative conclusion, there is no due process violation). Plaintiff received that opportunity, and its as-applied due process challenge regarding photographic and video evidence must therefore fail.

## VIII.  Hearsay

Finally, Skyview argues that evidence provided by a third-party investigator, paid by MasterBrand, constituted unlawful hearsay and thus should not have been considered by Customs in making its determination. Pl.'s Br. at 34-37, ECF No. 30;

Pl.'s Reply Br. at 11-12, ECF No. 31.  Citing the Administrative Procedure Act and Federal Circuit precedent, the Government argues that hearsay evidence is admissible where it is relevant and credible.  Def.'s Resp. Br. at 28, ECF No. 25.  In this case, the Government argues that "the affidavits are not irrelevant, immaterial, or unduly repetitious, and Skyview has presented no evidence calling into question the truthfulness, reasonableness, and credibility of the affiants." *Id.* at 29.  Therefore, the Government urges the Court to affirm Customs' inclusion of the third party's affidavits. *Id.*

For better or worse, the Federal Rules of Evidence do not govern administrative adjudications.  *See* Fed. R. Evid. 801(c) (defining hearsay as an out-of-court statement "a party offers in evidence to prove the truth of the matter asserted in the statement").  It is long established that agencies may consider hearsay and that it "may be treated as substantial evidence, even without corroboration if, to a reasonable mind, the circumstances are such as to lend it credence." *Hayes v. Dep't of the Navy*, 727 F.2d 1535, 1538 (Fed. Cir. 1984); *see also Richardson v. Perales*, 402 U.S. 389, 407-08 (1971) (clarifying that hearsay evidence is not prohibited in administrative proceedings if it is reliable and probative).  Plaintiff's reason for attacking the credibility of the hearsay statements is that they are "biased towards, prejudice[d] against, and [are] adverse to Skyview based on MasterBrand's employment of the services" — in other words, that the investigator was on MasterBrand's payroll.  Pl.'s Br. at 36, ECF No. 30.  Customs noted that the allegations made in the investigator's report were corroborated by "foreign market

research . . . conducted by disinterested entities, including U.S. government agencies, not parties to the case[.]"  Admin Rev. at 14, J.A. at 3,084, ECF No. 32.  Therefore, Customs found "no reason to conclude that this information is biased or irrelevant[.]" *Id.*  Because admission of hearsay evidence is permitted in administrative proceedings and Customs adequately explained why it considered the challenged evidence credible, substantial evidence supports its determination.

## CONCLUSION

Skyview has raised several procedural claims against Customs' evasion determination in addition to questioning its evidentiary basis.  All of Skyview's objections fail.  The Court therefore **SUSTAINS** Customs' Final Determination of evasion in EAPA case number 7553 and **SUSTAINS** the January 28, 2022 decision in Administrative Review number H321677.

/s/ Stephen Alexander Vaden
Stephen Alexander Vaden, Judge

Dated: June 20, 2023
        New York, New York

## CERTIFICATE OF COMPLIANCE WITH FEDERAL RULE OF APPELLATE PROCEDURE 32(a)(5) and (7)

Pursuant to Rule 32(a)(7)(C) of the Federal Rules of Appellate Procedure, undersigned counsel for Plaintiffs-Appellants certifies that this opening brief utilizes a proportionally spaced 14-point typeface, Times New Roman, in accordance with FRAP 32(a)(5)(A), and further certifies that this brief contains 10,022 words, including footnotes, in accordance with FRAP 32(a)(7)(B)(i). The word-count certification is made in reliance on the word-count feature contained in Microsoft Word Office software.

Respectfully submitted,

/s/ Kyl J. Kirby
Kyl J. Kirby
Kyl J. Kirby, Attorney and Counselor at Law, P.C.
1400 Lipscomb Street
Fort Worth Texas, 78104
Telephone: (214) 632-0841
E-mail: kyl@kirbyfedlaw.com
*Counsel for Plaintiff-Appellant*
SKYVIEW CABINET USA, INC.

Dated: October 23, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on this twenty-third day of October, 2023, I caused Plaintiff-Appellant's Opening Brief to be filed electronically with the Clerk of the Court for the U.S. Court of Appeals for the Federal Circuit by using the CM/ECF System. Accordingly, all participants have consented to service by electronic mail and will receive notice of such above-described filing as registered CM/ECF users as follows:

Ms. Laura El-Sabaawi: lel-sabaawi@wiley.law, wileytrade@wiley.law, docketing@wiley.law

Mr. Timothy C. Brightbill, -: tbrightbill@wiley.law, wileytrade@wiley.law, docketing@wiley.law

Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, -: c-natcourts.appeals@usdoj.gov, national.courts@usdoj.gov, natcourts.dockets@usdoj.gov

Elizabeth S. Lee, -: elee@wiley.law, wileytrade@wiley.law, docketing@wiley.law

Theodore Paul Brackemyre, -: tbrackemyre@wiley.law, wileytrade@wiley.law, docketing@wiley.law

Paul J. Coyle, -: pcoyle@wiley.law, wileytrade@wiley.law, docketing@wiley.law

Paul A. Devamithran, -: pdevamithran@wiley.law, wileytrade@wiley.law, docketing@wiley.law

Kyl John Kirby, -: kyl@kirbyfedlaw.com

Mrs. Ioana C. Meyer, TRAT: ioana.c.meyer@usdoj.gov

Respectfully submitted,

/s/ Kyl J. Kirby
Kyl J. Kirby
Kyl J. Kirby, Attorney and Counselor at Law, P.C.
1400 Lipscomb Street
Fort Worth Texas, 78104
Telephone: (214) 632-0841
E-mail: kyl@kirbyfedlaw.com
*Counsel for Plaintiff-Appellant*
SKYVIEW CABINET USA, INC.

Dated: October 23, 2023