23-2318
_____

**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**
_____

SKYVIEW CABINET USA, INC.,

Plaintiff-Appellant

v.

UNITED STATES, MASTERBRAND CABINETS, INC.,

Defendants-Appellees

Appeal from the United States Court of International Trade in case no. 22-cv-00080, Judge Stephen A. Vaden

## UNOPPOSED MOTION TO VOLUNTARILY REMAND

Pursuant to Federal Circuit Rule 27, the parties respectfully request that the Court remand this case to the U.S. Court of International Trade, with instructions to remand to U.S. Customs and Border Protection (Customs) to reconsider or further explain its evasion determination in light of a recent decision issued by this Court in *Royal Brush Manufacturing, Inc. v. United States*, 75 F.4th 1250 (Fed. Cir. 2023) regarding access to confidential business information during Enforce and Protect Act (EAPA) investigations under 19 U.S.C. § 1517. On October 25, 2023, Timothy Brightbill, counsel for defendant-appellee MasterBrand Cabinets, Inc. (MasterBrand), took no position on this motion. On October 26, 2023, via

electronic mail, Kyl J. Kirby, counsel for plaintiff-appellant Skyview Cabinet USA, Inc. (Skyview) consented to this motion.

## BACKGROUND

Skyview filed an action with the Court of International Trade (CIT) seeking review of Customs' determination of evasion with respect to its imports of wooden cabinets and vanities and components thereof (WCV merchandise). Specifically with regards to the treatment of confidential business information during the underlying EAPA investigation, Skyview challenged Customs' provision of redacted photos and videos, as violative of due process. The CIT held that Customs had not violated due process because it had not inhibited Skyview's ability to present its case or to respond to evidence being used against it. *Skyview Cabinet USA, Inc. v. United States*, No. 1:22-CV-00080, 2023 WL 4073781 at *12 (Ct. Int'l Trade June 20, 2023).

The Court's recent opinion in *Royal Brush*, however, addressed the due process implications of Customs' reliance on redacted information in making determinations of evasion. *See Royal Brush Manufacturing*, 75 F.4th at 1259. The Court held that there "is no legitimate government interest {} in refusing to provide confidential business information" that it relies upon in making a determination of evasion when any such "concerns about the necessity of secrecy can be alleviated by issuing a protective order{.}" *Id.* The Court further found that a failure to

provide such confidential business information cannot be justified by the Trade Secrets Act, 18 U.S.C. § 1905, because during EAPA investigations "that release is required as a matter of constitutional due process{.}" *Id.* at 1260. Moreover, the Court noted that Customs has the "inherent authority to issue protective orders" and that there would be "no risk" to "narrowly releasing the information" to the plaintiffs. *Id.* at 1261.

Customs acknowledges its treatment of confidential business information during the underlying EAPA investigation did not comport with this Court's later holding in *Royal Brush*. Thus, Customs now requests that this Court remand the case to the trial court, with instructions to remand to Customs to provide access to any confidential business information relied upon by Customs pursuant to a protective order. Customs intends to request that the Court of International Trade enter a protective order that would govern remand proceedings or otherwise extend the protective order in place during the litigation to the remand proceedings.

Granting our motion is particularly appropriate because a remand may allow Customs to "cure the very legal defects asserted by plaintiffs challenging federal action." *Citizens Against the Pellissippi Parkway v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004) (finding district court abused its discretion by not granting motion for voluntary remand for agency to address error alleged by plaintiff); *see also SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001) ("{I}f the

3

agency's concern is substantial and legitimate, a remand is usually appropriate."). By requesting a voluntary remand, the United States does not waive any defenses regarding the decision at issue nor any arguments related to the merits of the issues before the Court. *See, e.g.*, *Nippon Steel Corp. v. United States*, 345 F.3d 1379, 1381-82 (Fed. Cir. 2003) (holding that the CIT should have returned case on remand to agency for further consideration).

## **CONCLUSION**

For these reasons, we respectfully request that the Court remand this matter to the Court of International Trade with instructions to remand to Customs to reconsider or further explain its evasion determination in light of *Royal Brush Manufacturing, Inc. v. United States*, 75 F.4th 1250 (Fed. Cir. 2023) regarding the treatment of confidential business information.

Respectfully submitted,

Dated:  October 26, 2023

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

 /s/Tara K. Hogan
TARA K. HOGAN
Assistant Director

/s/Ioana C. Meyer
IOANA C. MEYER
Trial Attorney
U.S. Department of Justice

4

Civil Division
Commercial Litigation Branch
Department of Justice
PO Box 480, Ben Franklin Station
Washington, DC 20044
Tel: (202) 305-0001

*Counsel to Defendant-Appellee*

## CERTIFICATE OF COMPLIANCE

This motion complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it was prepared in Microsoft Word using 14-point Times New Roman font.  This motion complies with the length limits of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 686 words as calculated by the word count in Microsoft Word.

/s/Ioana C. Meyer

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 26th day of October, 2023, a copy of "UNOPPOSED MOTION TO VOLUNTARILY REMAND" was filed electronically.

__X__ This filing was served electronically to all parties by operation of the Court's electronic filing system.

/s/Ioana C. Meyer